UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ROBERT MENENDEZ, NADINE MENENDEZ,
WAEL HANA, JOSE URIBE, and FRED DAIBES,

Defendants.

23-Cr-490 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

The New York Times Company (ECF No. 145), Bergen Record (ECF No. 161), and Inner City Press (ECF No. 125) have requested the unsealing of certain documents filed under seal in this action. Specifically, they seek the unsealing of Senator Robert Menendez's Memorandum of Law in Support of His First Motion to Dismiss ("Menendez Memorandum") (ECF No. 120), the Declaration of Avi Weitzman in Support of Senator Robert Menendez's First Motion to Dismiss ("Weitzman Declaration") (ECF No. 121), and sealed documents that state on the public record that they were "placed in vault" (ECF Nos. 103, 104, 107-109, 122-124).

Last week, the Government responded (*see* ECF No. 152), putting forward its position that:

(1) The Menendez Memorandum should be placed on the public record, except for the names or titles of individuals who have provided information to the Government;
(2) the Weitzman Declaration should be placed on the public record in full;
(3) Exhibit A to the Weitzman Declaration should be unsealed and redacted in part;
(4) Exhibit B to the Weitzman Declaration should be unsealed and redacted in part; and
(5) the materials "placed in vault" should remain under seal.

Mr. Menendez has stated that he takes no position on the press inquiries. (*See* ECF No. 156.)

The public's right of access to judicial records is grounded in both the federal common law and the First Amendment. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). Judicial records are those filed documents that are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo ("Amodeo I")*, 44 F.3d 141, 145 (2d Cir. 1995). The Court assumes for the purposes of this application that the documents

sought by the press are judicial records for both the federal common law and First Amendment analyses.

Under federal common law, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo ("Amodeo II")*, 71 F.3d 1044, 1049 (2d Cir. 1995). This weight is balanced against countervailing interests favoring secrecy, such as "the danger of impairing law enforcement or judicial efficiency" or "the privacy interests of those resisting disclosure." *Id.* at 1050. This Court's decision as to access is to be "exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978).

"In addition to the common law right of access, it is well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). The Court therefore assumes that a presumptive First Amendment right of access applies to the documents at issue in this motion, with the exception of those documents "placed in vault." Documents subject to the presumptive right of access may nevertheless be sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)) (internal quotation marks omitted).

The Court addresses each document at issue in turn.

1. **The Menendez Memorandum**

In response to the Court's order directing the parties to respond to the press inquiries, the Government has proposed that the only redactions to this document be a handful of references identifying individuals, by name or by title, who have provided information to the Government.

Keeping these names and titles sealed is entirely appropriate in light of the fact that the information provided by those individuals was given as part of an ongoing government investigation. As a court in this district has previously noted, "unmasking those who are cooperating with the Government's investigation or who have otherwise provided information to the Government could deter further cooperation with the investigation by 'subject[ing] those individuals to witness tampering, harassment, or retaliation.'" *United States v. Cohen*, 366 F. Supp. 3d 612, 623 (S.D.N.Y. 2019) (quoting *In re Sealed Search Warrants Issued June 4 & 5, 2008*, No. 08-mc-208 (DRH), 2008 WL 5667021, at *4 (N.D.N.Y. July 14, 2008)). Moreover, "the privacy interests of innocent third parties

2

as well as those of defendants that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation." *In re New York Times Co.*, 828 F.2d at 116.

In regard to the qualified First Amendment right of access, the countervailing factors of the privacy interests of innocent third parties and not deterring cooperation with a criminal investigation clearly function as higher values that bear protection. *See E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10-cv-655 (LTS), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012).

### 2. The Weitzman Declaration

The Weitzman Declaration, which contains no substantive information, should be unredacted in full and placed in the public record.

### 3. Exhibit A to the Weitzman Declaration

Exhibit A is a letter from the Government to Robert Menendez's attorneys disclosing information provided to the Government by potential witnesses. As the Government concedes, the portions of Exhibit A that are specifically cited in the Menendez Memorandum or that provide context for the Menendez Memorandum should be placed in the public record.

However, the summaries of statements potential witnesses provided to the Government that are not cited with specificity in the memorandum should remain under seal.

The names and titles identifying potential witnesses as well as the summaries of the statements themselves should remain redacted because they present information that could impact both the confidentiality and the course of the ongoing criminal investigation, in addition to affecting the privacy of potential witnesses in the upcoming trial. Their unsealing would run the danger of enabling "individuals to coordinate or tailor their testimony" or of "deter[ring] further cooperation with the investigation." *Cohen*, 366 F. Supp. 3d at 623. Preserving the integrity of the ongoing investigation and the privacy of undisclosed individuals with information regarding the ongoing investigation are emblematic of the types of higher values that ought to be preserved by redaction. *See E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10-cv-655 (LTS), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012).

Exhibit A should be placed on the public record to the extent set forth above as reflected in Attachment 2 to the Government's letter dated January 22, 2024. (*See* ECF No. 152.)

### 4. Exhibit B to the Weitzman Declaration

Exhibit B is a schedule of meetings held during July 2018. The only portions of Exhibit B to be redacted are the names, addresses, and contact information of third

3

parties other than members of Congress. These are not referenced with any specificity in the memorandum of law, and thus play very little, if any, role in the Court's consideration of these proceedings. Moreover, the personally identifiable information of third-party individuals represents a higher value privacy interest that favors secrecy in the form of nondisclosure under both a common law and First Amendment analysis. *See id.*; *see also Amodeo II*, 71 F.3d at 1050.

Exhibit B should be placed on the public record to the extent set forth above as reflected in Attachment 3 to the Government's letter dated January 22, 2024. (*See* ECF No. 152.)

### 5. Materials "placed in vault"

The materials "placed in vault" are ECF Nos. 103, 104, 107, 108, 109, 122, 123, and 124. These materials fall into three groups. Group One, materials related to Rule 41 search warrants, consists of ECF Nos. 103, 104, 108, and 122. Group Two, materials related to the grand jury, consists of ECF Nos. 107, 109, and 123. Group Three, materials related to Robert Menendez's first motion to dismiss the indictment, consists of ECF No. 124.

For the reasons to be set forth below, the materials contained in Groups One and Two must remain sealed, while the materials contained in Group Three are to be unsealed.

#### a. *Group One (ECF Nos. 103, 104, 108, and 122)*

Group One consists of materials related to Rule 41 search warrants in this ongoing investigation. Although a common law right of public access attaches to search warrants in the case of a closed investigation, s*ee Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990), this is an *ongoing* criminal proceeding with a pending grand jury investigation, and the common law right of public access to closed investigations is not implicated in the case of pending grand jury investigations. Where investigations are ongoing, there is a high value to sealing search warrants. *See In re Search Warrant Executed February 1, 1995*, No. 18-mc-65 (RJW), 1995 WL 406276, at *3 (S.D.N.Y July 7, 1995); *In re Searches of Semtex Indus. Corp.*, 876 F. Supp. 426, 429 (E.D.N.Y. 1995).

In addition, courts in this circuit have frequently found that no First Amendment right of access attaches to materials related to search warrants at this juncture, especially given the fact that "[w]arrant application proceedings are highly secret in nature and have historically been closed to the press and public." *United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 583 (S.D.N.Y. 2009); *see also In re Search Warrant*, No. 16-mc-464 (PKC), 2016 WL 7339113, at *3 (S.D.N.Y. Dec. 19, 2016); *United States v. Paloscio*, No. 99-cr-1199 (LMM), 2002 WL 1585835, at *3 (S.D.N.Y. July 17, 2002).

The materials contained in Group One—ECF Nos. 103, 104, 108, and 122—are to remain under seal.

### b. Group Two (ECF Nos. 107, 109, and 123)

Group Two consists of materials related to ongoing grand jury proceedings. "The traditional presumption in favor of public access to judicial proceedings does not extend to grand jury proceedings," and the absence of this presumption "applies to proceedings that are bound-up with the grand jury's functioning, including motions to quash and related records." *In re Grand Jury Subpoenas Dated March 2, 2015*, No. 15-mc-71 (VEC), 2016 WL 6126392, at *3 (S.D.N.Y. Oct. 19, 2016). Neither the common law nor the First Amendment rights of access attach to materials closely intertwined with grand jury proceedings. *See id.* at *2-5; *see also* Fed. R. Crim. P. 6(e).

The documents in ECF Nos. 107, 109, and 123 concern matters "bound-up with the grand jury's functioning." The proper course of action is to maintain them under seal.

Thus, the Court determines that the materials contained in Group Two—ECF Nos. 107, 109, and 123—are to remain under seal.

### c. Group Three (ECF No. 124)

Group Three consists of Robert Menendez's request to file certain papers submitted in connection with his First Motion to Dismiss under seal, along with this Court's endorsed order granting that request.

Given this Court's decision to unseal some of the materials that Menendez originally filed under seal, along with the fact that none of the justifications given for originally filing these materials under seal merit continued nondisclosure from the public, there is no longer any reason for this document to be maintained under seal.

Thus, the Court determines that ECF No. 124 should be unsealed and made available to the public.

The parties are directed to cooperate to ensure that the relevant documents are placed on the public record as required by this order.

Dated: New York, New York
       February 1, 2024

SO ORDERED:

*Sidney H. Stein*

Sidney H. Stein, U.S.D.J.