

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 16, 2024

**BY EMAIL – REQUEST TO BE FILED UNDER SEAL**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Nadine Menendez*,
     S4 23 Cr. 490 (SHS)

Dear Judge Stein:

  The Government respectfully writes in the above-captioned matter, in light of the defendant's submission of certain medical information today, to request that the Court set a conference on or about December 9, 2024 and exclude time until that date under the Speedy Trial Act in the interests of justice. Counsel for the defendant consents to this request.[1]

  Based on present information, it appears impractical to schedule a trial to conclude prior to ▉▉▉▉▉▉▉▉▉▉, given the importance outlined in the letter from the defendant's treating physician of ▉▉▉▉▉▉▉▉▉▉ and the expected length of trial. The letter states that the ▉▉▉▉▉▉▉▉▉▉ (Def.'s Med. Docs at 1).[2] As a result, a trial date should not be set that would ▉▉▉▉▉▉▉▉▉▉. While the defendant's treating physician does not provide a precise date for ▉▉▉▉▉▉, her reference to ▉▉▉▉▉▉▉▉▉▉ suggests that the latest date ▉▉▉▉▉▉▉▉▉▉ would be in early to mid-November 2024.[3]

  The Government does not presently believe it would be feasible to conduct and conclude the defendant's trial prior to ▉▉▉▉▉▉▉▉. Even assuming that the defendant is able to

---

[1] Because this letter references sealed information regarding the defendant's medical condition ▉▉▉▉▉▉▉▉▉▉, the Government respectfully requests that it be filed under seal in unredacted form, and the Government will file publicly a redacted version.

[2] The citation to "Def.'s Med. Docs" refers to the compilation of documents from the defendant's treating physician submitted under seal today.

[3] The treating physician also indicated that ▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉, which would be somewhat earlier, or in October 2024.

participate appropriately in trial preparation during ▮▮▮▮▮▮▮▮▮▮, the expected length of trial renders it infeasible to schedule a trial that would conclude prior to early or mid-November. The defendant is charged in 15 of the 18 counts that were tried in the nine-and-a-half week trial against her codefendants, and the counts the defendant is charged in cover all of the same subject matter of the first trial. And as the Court is familiar with from presiding over the trial, the defendant appeared in a large portion of the Government's evidence at the first trial. There is also certain evidence that is more squarely relevant to the defendant's trial than that of her codefendants—such as evidence of certain of the defendant's conduct evidencing her consciousness of guilt—which the Government did not offer at the trial of her codefendants but may offer at her trial. The Government thus presently expects that the trial of the defendant will be reasonably similar in length to the trial of her codefendants, or at most only modestly shorter. Even a trial modestly shorter than the nine-and-a-half-week first trial could likely not feasibly begin and conclude prior to early or mid-November. An eight-week trial, for example, would have to begin in early to mid-September, or as soon as *three weeks* from now, an insufficient period of preparation for a trial of this complexity and length.



Accordingly, the defendant's trial should take place after ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and in order to provide certainty to the parties, the trial date should be set once she is medically cleared to proceed, rather than be set now and possibly subject to further adjournment in the event of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (See Def.'s Med. Docs at 1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The Government therefore requests that a scheduling conference be set on or about December 9, 2024, and that time be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in the interests of justice, in order to allow the defendant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, as well as to allow defense counsel an opportunity to review the voluminous discovery in this complex

Honorable Sidney H. Stein
August 16, 2024
Page 3

case and to engage in discussions with the Government concerning a possible disposition of this matter.

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney

By:    s/ Paul M. Monteleoni
        Eli J. Mark
        Daniel C. Richenthal
        Paul M. Monteleoni
        Lara Pomerantz
        Catherine E. Ghosh
        Assistant United States Attorneys
        (212) 637-2431/2109/2219/2343/1114
        Christina A. Clark
        Special Assistant United States Attorney
        (202) 307-5191

cc:    (by email)

        Barry Coburn, Esq.