

Barry Coburn
Admitted DC, MD, VA, NY
202-643-9472
barry@coburngreenbaum.com

December 4, 2024

VIA ECF
The Honorable Sidney H. Stein
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, NY  10007

   Re: <u>United States v. Nadine Menendez, (S4) 23-cr-490 (SHS)/UNDER SEAL</u>

Dear Judge Stein:

 We represent Defendant Nadine Menendez.  We respectfully submit this unredacted reply letter in further support of our motion to continue (adjourn) the trial in this case, and in response to the government's opposition to our motion, which it filed by letter on November 26, 2024.  We also will submit a separate, redacted letter, which will expressly reference the medical information previously proffered to the Court under seal.

 Our submission is that the central issue presented by our motion to adjourn is not whether the instant case is important, or arguably more important in the scheme of things than another criminal case in a different district, or whether (as in other criminal cases in the federal courts) the parties and the Court have a legitimate interest in a speedy resolution of the instant case.  From our point of view, the issue is one of fairness and comity between the federal courts, and of the ethical obligation of undersigned counsel to respond when a trial date is proposed or set that conflicts with another previously established trial date.  We would have no objection if this Court saw fit to make contact with the Honorable Judge Reyes in the United States District Court for the District of Columbia to discuss this scheduling issue, or vice versa.  Were the situation reversed, and were Judge Reyes to set a trial date that conflicted with a trial date set in this case by this Court, we believe this Court would expect us to respond, rather than passively waiting for the conflict to manifest itself so that counsel was in trial elsewhere and hence unavailable to try this case as scheduled.

 The government suggests that the trial in the Noyce case, in the United States District Court for the District of Columbia, should be adjourned so that the instant Menendez case could be tried first, since the Menendez case was filed first.  The government is free to make

this request in the United States District Court for the District of Columbia, or to suggest that its colleagues in the United States Attorney's Office in the District of Columbia do so. The United States is, of course, the prosecuting entity in both cases. It has done neither, for reasons it does not explain. For undersigned counsel's part, I specifically made Judge Reyes, in the United States District Court for the District of Columbia, aware of this Court's admonition that I keep open January and February, 2025, for the trial of the Menendez case. In fact, in the second Joint Status Report provided to Judge Reyes, pursuant to court order, I *specifically conveyed* to Judge Reyes my concern about the scheduling of the Noyce trial:

> The defense understands the need to resolve this case with all deliberate speed. As previously proffered, the defense has been ordered by the Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, to keep all of January and February, 2025, open for trial in the case of United States v. Nadine Menendez, Case Number 1:23-cr-000490-SHS. The defense is concerned, based on proffers from the government in that case, that the Menendez trial could last longer than predicted and extend into March, 2025, which could conflict with the trial date recently set in this case and make final trial preparation for this case difficult to accomplish. However, the defense does not believe it has a predicate, at this time, to move for a continuance of the trial date set in this case.

Exhibit 1 at 1-2. Nonetheless, Judge Reyes has maintained the March 17, 2025 trial date in the Noyce case, which was set before the trial date in the Menendez case. It is unclear to undersigned counsel what basis I would have, under these circumstances, to ask Judge Reyes to move the March 17, 2025 date. She was well aware of my commitment in the Menendez case when she set the March 17, 2025 date, and of this Court's instruction to keep open January and February, 2025.

After acknowledging the repeated efforts I made to apprise Judge Reyes of this Court's instruction concerning January and February, 2025, the government accuses me of failing to "alert the Government or this Court to this possible scheduling conflict until last week, after the Court set the January 21, 2025 trial date in this case." Respectfully, this contention is a *non sequitur*. There was no scheduling conflict of which to alert this Court until a Menendez trial date was set that almost certainly would conflict with the preexisting Noyce trial date.

With respect to our plans concerning a possible affirmative defense case, this unfortunate series of events does not constitute an excuse for the government to seek to force the defense to commit to how to defend this case, long before the government presents its case-in-chief. That is not a decision we have made, or could make now, until after we see the

government's case. Acceding to the government's demand that I do so now would be malpractice. It is a fundamental constitutional principle that Ms. Menendez need not come forth with a decision as to whether to testify, or call witnesses in her own defense, until after the government presents its case. *See, e.g., State v. P.C.,* Docket No.. A-1793-10T4, 2012 N.J. Super. Unpub. LEXIS 1087 (App. Div. May 17, 2012) ("Defendant need not decide whether or not he will testify until after the State rests").

Accordingly, for the reasons set forth here, in our initial motion papers seeking a continuance, and in my accompanying sealed letter, it is respectfully submitted that the trial in this case should be adjourned to a date that is available for the Court and the parties.

Respectfully submitted,

Barry Coburn

Copies to all counsel of record via ECF