

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 19, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Nadine Menendez,*
              S4 23 Cr. 490 (SHS)

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter to request that the Court order deadlines for reciprocal disclosures with respect to the forthcoming trial, scheduled to commence on January 21, 2025, approximately one month from today. As the defendant advised the Court earlier this week (Dkt. 656), the parties have engaged in extensive discussions regarding such disclosures. The parties have reached agreement regarding some—but not all—such disclosures, and the Government is concerned that without the Court now resolving the areas of disagreement outlined below, there is a significant risk that there will be insufficient time to resolve material matters prior to trial and/or there will be repeated delays in and disruptions of the trial.

      I.    The Parties' Agreements and the Outstanding Areas of Disagreement

      The following three charts list those deadlines previously ordered by the Court, the parties' agreements, and the outstanding areas of disagreement, with the areas of disagreement in *italics*.

      A.    Pretrial Disclosures

| Disclosure | Government Proposal (or Court-ordered Deadline or Agreement) | Defendant's Proposal |
|---|---|---|
| *Defendant's production of Rule 16(b) materials, i.e., reciprocal discovery* | *Promptly as identified or acquired* | *(1) December 23, 2024 for any then-existing, and (2) no deadline for any thereafter identified or acquired* |
| *Notice of any affirmative defenses, including any* | *December 20, 2024* | *Objects to giving any notice, other than for a defense under 22 U.S.C. § 613(d), beyond those defenses* |

Honorable Sidney H. Stein
December 19, 2024
Page 2

| | | |
|---|---|---|
| *defense under 22 U.S.C. § 613(d)* | | *expressly set forth in Federal Rules of Criminal Procedure 12.1-12.2 (i.e., alibi, insanity, and public authority)* |
| Government expert notice(s) | December 18, 2024 (supplementing those notices provided on April 2, 2024, prior to defendant being severed)[1] | N/A (Government provided notice) |
| *Defendant's expert notice(s)* | *December 30, 2024* | *January 6, 2025* |
| Defendant's Classified Information Procedures Act ("CIPA") Section 5 notice, if any | December 16, 2024[2] | Agreed |
| Government CIPA Section 6 response, if any | January 8, 2025 | Agreed |
| Motions *in limine* | December 20, 2024 | N/A (Court-ordered deadline) |
| Government witness list for case-in-chief | December 30, 2024 (subject to good faith revision) | Agreed |
| Government 18 U.S.C. § 3500 material for case-in-chief | December 30, 2024 (rolling production completed the same day or soon thereafter for then-existing material) | Agreed |
| Government exhibit list for case-in-chief | December 30, 2024 (subject to good faith revision) | Agreed |
| Defendant's non-impeachment exhibits to be introduced in Government case-in-chief | January 2, 2025 (subject to good faith revision) | Agreed |
| Responses to motions *in limine* | January 3, 2025 | N/A (Court-ordered deadline) |
| Voir dire | January 10, 2025 | N/A (Court-ordered deadline) |
| Requests to charge | January 10, 2025 | N/A (Court-ordered deadline) |
| Any visuals or slides to be used in opening | 24 hours before anticipated opening | Agreed |

---

[1] The Government provided these notices.

[2] The defendant did not provide any such notice.

Honorable Sidney H. Stein
December 19, 2024
Page 3

B. Trial Disclosures

| Disclosure | Government Proposal | Defendant's Proposal |
|---|---|---|
| Party's anticipated witnesses and exhibits to be offered in connection with each witness's direct testimony in the Government case-in-chief or defense case, if any | After the trial day at least 2 calendar days before each witness is reasonably expected to start to testify (subject to good faith revision) | Agreed |
| Opposing party's objections to those exhibits | Up to 24 hours after notice[3] | Agreed |
| Opposing party's non-impeachment exhibits to be offered in connection with that witness's testimony | Up to 24 hours after notice (subject to good faith revision) | Agreed |
| *Defense exhibits to be used in its case, witness list, Rule 26.2 material, and proffers of witness testimony if not adequately set forth in Rule 26.2 material or otherwise* | *At least 10 days before the anticipated start of the defendant's case, even if the defendant has not firmly decided whether to put on a case (subject to good faith revision)* | *Objects to disclosure or notice prior to after the Government rests its case-in-chief* |

C. Other Disclosures

| Disclosure | Government Proposal | Defendant's Proposal |
|---|---|---|
| *Responses from Rule 17(c) subpoenas, if any* | *Promptly after receipt, except if otherwise ordered by the Court for good cause shown* | *Has not provided a position* |

II. The Court Should Order the Above Deadlines, and Where There Is Disagreement, Should Adopt the Government's Proposals

Each of the Government's proposals is modeled on what the Government and the defendants in the first trial agreed to and the Court endorsed (*see* Dkt. No. 341; Minute Entry re April 19, 2024 Conference), or the Court ordered, adjusted for the schedule of this action; each is

---

[3] The parties agree that in cases of witnesses with very large numbers of exhibits such that notice is provided farther in advance, the parties will agree on a time to exchange objections at a time that will allow the Court to rule on any outstanding objections without disrupting the order of such witnesses.

fair and reasonable; and each is designed to ensure an efficient and timely resolution of any contested matters and to minimize delay and disruption of the trial. The Court should accordingly order these deadlines.

      A. <u>Pretrial Disclosures</u>

As set forth above, the parties have three areas of disagreement with respect to pretrial disclosures: (1) the deadline for reciprocal discovery from the defendant, (2) the scope of the defendant giving notice of any affirmative defense, and (3) the deadline for the defendant's expert notice(s), if any.

      *(1) Reciprocal Discovery*

With respect to the first of the areas of dispute (reciprocal discovery), the defendant has indicated that she may not presently have any reciprocal discovery, but, in so doing, has referenced only those materials she may seek to introduce in her own case, and has not responded to the Government expressly asking whether she has materials that she may seek to introduce in the Government's case-in-chief. But a defendant's reciprocal discovery obligations plainly include the latter materials. *See, e.g.*, *United States v. Crowder*, 325 F. Supp. 3d 131, 136 (D.D.C. 2018) ("[T]o permit defendants to evade pretrial disclosure simply by presenting much (or all) of their case-in-chief before the government rests would frustrate the practical intentions behind Rule 16: to avoid unfair surprise and unwarranted delay by providing both the government and the defense with a broad, reciprocal, right to discovery." (citing Fed. R. Crim. P. 16 advisory committee's note to 1974 amendment)); *see generally United States v. Rajaratnam*, No. S2 09 Cr. 1184 (RJH), 2011 WL 723530, at *5 (S.D.N.Y. Feb. 25, 2011) ("A defendant would always like more information about the government's case before revealing anything about his or her own, but Rule 16 conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case or the defendant's satisfaction.").

The defendant also has not provided any basis to delay the production of reciprocal discovery, whatever its scope, until December 23, 2024, which is after the deadline for motions *in limine*, and under a month from trial. Nor has the defendant provided any basis for declining to agree to promptly produce any reciprocal discovery that she may identify or acquire after this date. The defendant's reciprocal discovery obligation is mandatory, already in effect, and a continuing obligation. *See* Fed. R. Crim. Pro. 16(b). And what the Government seeks—namely, "prompt" disclosure—is precisely what Rule 16 expressly requires. *See* Fed. R. Crim. Pro. 16(c) ("A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if: (1) the evidence or material is subject to discovery or inspection under this rule; and (2) the other party previously requested, or the court ordered, its production.").

      *(2) Notice of Affirmative Defenses*

With respect to the second of the areas of dispute (the scope of notice of an affirmative defense), for all of the reasons previously set forth by the Government in seeking complete notice from Robert Menendez (Dkt. 267), which the Court ordered (Dkt. 276), the Court should issue the same order with respect to the defendant. The Court indisputably has authority to do so. *See, e.g.*, *United States v. Bakhtiari*, 913 F.2d 1053, 1057 (2d Cir. 1990); *United States v. Fishbein*, No. S1 21 Cr. 296 (PAC), 2023 WL 2734428, at *4 (S.D.N.Y. Mar. 31, 2023); *United States v. Scali*, No.

16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018), *aff'd* 820 F. App'x 23 (2d Cir. 2020); *Crowder*, 325 F. Supp. 3d at 138; *United States v. Hatfield*, No. 06 Cr. 550 (JS), 2010 WL183522, at *13 (E.D.N.Y. Jan. 8, 2010); *see also United States v. Ash*, No. 19 Cr. 780 (LAK) (S.D.N.Y. Nov. 15, 2021) (Dkt. 105); *United States v. Percoco*, No. 16 Cr. 776 (VEC) (S.D.N.Y. Nov. 2, 2017) (Dkt. 351).

There is no cogent basis to treat the defendant differently from her similarly-situated husband and co-defendant, with whom she is alleged to have committed the same offenses. Moreover, the same serious risks of the presentation of improper argument or evidence, juror confusion, and trial delay and disruption are present in this case as were present in the prior trial, absent the provision of such notice. Indeed, those risks appear to be heightened, because the defendant has stated that she "contemplate[s] the possibility of a significant affirmative defense case" (Dkt. 638 at 3), but has given no information at all about what that case may entail, including whether she may seek to advance an advice-of-counsel defense based on conversations with her attorney husband. The Government is unaware of any lawful basis for such a defense (or any other affirmative defense). But that is all the more reason why the defendant should provide meaningful notice—and should also be barred from opening or advancing evidence or argument in support of such a defense, without notice. *See, e.g., United States v. Paul*, 110 F.3d 869, 871 (2d Cir. 1997) ("[I]t is appropriate for a court to hold a pretrial evidentiary hearing to determine whether a defense fails as a matter of law."). In short, "no proper interest of the defendant would be served by permitting [her] legally insufficient evidence to be aired at trial, and interests of judicial economy suggest that the jury should not be burdened with the matter." *United States v. Villegas*, 899 F.2d 1324, 1343 (2d Cir. 1990); *see also* Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.").

### *(3) Defendant's Expert Notice(s)*

On December 12, 2024, as a courtesy, the Government advised the defendant that it did not intend to call any experts in its case-in-chief beyond those noticed on April 2, 2024 (except that the Arabic linguist, if the testimony proved necessary, would be a different person from the linguist previously noticed). On December 18, 2024, the Government provided formal supplemental notices of all such potential experts.

In light of the foregoing—and that the defendant has access to the complete transcript of the prior trial—there is no reason why she should be permitted to delay providing expert notice(s) until January 6, 2025, only approximately two weeks from trial. That schedule provides precious little time for the parties to confer, and for the Court to resolve any disputes. Indeed, the defendant has not even disclosed the general nature or number of her potential experts, which could be substantial in light of her potentially "significant affirmative" case. (Dkt. 638 at 3.) The defendant should accordingly be ordered to provide notice far sooner than January 6, 2025, as she has proposed. As the Court is aware, at the first trial, defense expert notices were due on April 1, 2024—*i.e.*, more than a month before trial was set to begin, which is far longer than the defendant has proposed—and that time proved necessary for the Government to file a meritorious motion to preclude certain noticed testimony. (*See, e.g.*, Dkt. 367 at 2.)

B. Trial Disclosures

The sole dispute between the parties with respect to trial disclosures concerns the disclosure of the defendant's potential case. The Government has proposed that the defendant provide such disclosure, namely, defense exhibits to be used in her case, a witness list, Rule 26.2 material, and proffers of witness testimony if not adequately set forth in Rule 26.2 material or otherwise, at least ten days before the anticipated start of a defense case, even if no firm decision to present such a case has been made. This proposal is identical to that agreed upon by the parties with respect to the first trial and endorsed by the Court (Dkt. 341; Minute Entry re April 19, 2024 Conference)). The Court plainly has authority to order such disclosure. *See generally Williams v. Florida*, 399 U.S. 78, 85 (1970) ("Nothing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the [prosecution's] case before announcing the nature of his defense[.]"). It should do so.

Indeed, the defendant's counterproposal that she not provide any disclosure whatsoever of her potential defense case until after the Government rests its case-in-chief is not just likely to result in material delay and disruption of the trial, but practically guarantees such delay and disruption. That would be true even if the defendant were not contemplating "a significant affirmative defense case" (Dkt. 638 at 3), but it is unquestionably the case in light of that representation. Nor can the defendant reasonably take the position that she cannot provide any disclosure whatsoever even multiple weeks into the Government's case-in-chief. As noted above, the defendant has complete access to the transcript from the first trial. The defendant thus could provide disclosure of her potential case now—and she surely can do so weeks into the trial itself.

Indeed, consistent with Rule 16(b), courts in this district regularly and properly require disclosure of defense exhibits meaningfully *in advance* of trial, including over a defendant's objection. *See, e.g.*, *United States v. Shah*, No. 19 Cr. 833 (SHS), Dkt. 583, at 7-8 (S.D.N.Y. July 5, 2022) (11 days before trial over objection); *United States v. Melzer*, No. 20 Cr. 314 (GHW), Dkt. 131 (S.D.N.Y. June 16, 2022) (11 days before trial over objection); *United States v. Liu*, No. 19 Cr. 804 (VEC), Dkt. 177 (S.D.N.Y. Feb. 28, 2022) (12 days before trial over objection); *United States v. Avenatti*, No. 19 Cr. 374 (JMF), Dkt. 213 (S.D.N.Y. Jan. 7, 2022) (approximately two weeks before trial over objection); *United States v. Maxwell*, No. 20 Cr. 330 (AJN), Dkt. 297 (S.D.N.Y. June 2, 2021) (three weeks before trial over objection); *United States v. Shea*, No. 20 Cr. 412 (AT), Dkt. 206 (S.D.N.Y. May 4, 2022) (14 days before trial over objection); *see also Rajaratnam*, 2011 WL 723530, at *5. The defendant here is not entitled to radically different treatment, particularly given that all the Government seeks is what the defendants in the first trial agreed to and the Court endorsed (*see* Dkt. 341; Minute Entry re April 19, 2024 Conference), much less to such treatment given the nature and breadth of this action and her representation regarding a defense case. *See generally Williams*, 399 U.S. at 82 ("The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played."); *see also id.* (the "search for truth" is enhanced by "both the defendant and the State [having] ample opportunity to investigate certain facts crucial to the determination of guilt or innocence"); *Wardius v. Oregon*, 412 U.S. 470, 473 (1973) (the "ends of justice" are served through pretrial disclosure that "gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial").

C. Other Disclosures

Finally, as the Court did previously (May 6, 2024 Pretrial Conference Tr. at 48), the Court should the order the defendant to provide promptly any responses to Rule 17(c) subpoenas she may serve. The defendant has indicated that she has not served any Rule 17(c) subpoenas since changing counsel, but has not responded to requests from the Government that she commit to producing the returns from such subpoenas in the future. She should be ordered to do so for multiple reasons.

As an initial matter, Rule 17(c)(1) makes no reference to *ex parte* review of subpoena returns and instead states that materials will be returned directly to the Court, which may permit "the parties and their attorneys to inspect all or part of them." Because the Court's authority should not be invoked to permit a party to engage in trial by ambush, "[i]t is the majority view of the courts that the structure of Rule 17 requires the court to allow both parties to view the documents returned under the subpoena." *United States v. Litos*, No. 12 Cr. 175, 2014 WL 806022, at *5 (N.D. Ind. Feb. 24, 2014); *accord United States v. Jenkins*, 895 F. Supp. 1389, 1394 (D. Haw. 1995) (finding the magistrate erred in "failing to permit both the Government and the Defendant to examine" the Rule 17(c) materials because "Rule 17(c) makes no provision for allowing only one party access to the documents"); *United States v. Hart*, 826 F. Supp. 380, 381 (D. Colo. 1993) (noting that the plain language of Rule 17(c) "negates any assumption" that materials should be returned *ex parte*).

Moreover, "Rule 17(c) was not intended to provide an additional means of discovery" to the parties in a criminal case. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Rather, the Rule was "designed as an aid for obtaining relevant evidentiary material that the moving party may use at trial." *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980). Indeed, "courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in [Rule] 16." *United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) (internal quotation marks omitted)). Accordingly, a Rule 17(c) subpoena must meet the tests of "(1) relevancy; (2) admissibility; [and] (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974). The Second Circuit has made clear that this standard applies to Rule 17(c) subpoenas issued by criminal defendants to third parties. *See United States v. Conway*, 615 F. App'x 46, 48 (2d Cir. 2015). As Judge Seibel has observed, "because Rule 17(c) subpoenas are intended to obtain specific materials that the party expects to offer into evidence, Rule 16 would oblige the party to make the materials available to the other side anyway." *United States v. St. Lawrence*, No. 16 Cr. 259 (CS), Dkt. 66 (S.D.N.Y. Dec. 22, 2016); *see also United States v. Londonio, et al.*, No. 17 Cr. 89 (CS) (S.D.N.Y.), 1/3/2019 Tr., at 77-78 ("[I]f either side has used 17(c) and gets materials, they have to be turned over to the other side. . . . [I]f either side has been properly using Rule 17(c) subpoenas, which are intended to obtain specific materials that the party expects to offer at trial, that's Rule 16 material."). In other words, assuming that any Rule 17(c) subpoenas here are properly issued, the responsive materials are necessarily subject to disclosure to the Government under Rule 16.

In any event, even if the Court construes Rule 17(c) differently, or declines to reach the question, the Court should exercise its discretion to order prompt production of all such materials here going forward. With only a month before trial, as described above, the defendant has not provided *any* reciprocal discovery, she appears to be taking the position that she need not produce *any* materials she may receive until an unidentified future date (if ever), and she has not provided

Honorable Sidney H. Stein
December 19, 2024
Page 8

*any* information whatsoever about her potential experts or potential "significant" defense case. That is not consistent with a defendant's reciprocal discovery obligations, not warranted on the record of this case, and not in the interest of justice.

          Respectfully submitted,

          DANIEL M. GITNER
          Attorney for the United States
          Acting Under Authority Conferred by
          28 U.S.C. § 515

By:    s/ Daniel C. Richenthal
        Daniel C. Richenthal
        Paul M. Monteleoni
        Lara Pomerantz
        Catherine E. Ghosh
        Assistant United States Attorneys
        (212) 637-2109/2219/2343/1114

cc:    (by ECF)

       Counsel of Record