

Barry Coburn
Admitted DC, MD, VA, NY
202-643-9472
barry@coburngreenbaum.com

December 20, 2024

<u>VIA ECF</u>
The Honorable Sidney H. Stein
United States District Judge
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, NY  10007

  Re:  <u>United States v. Nadine Menendez</u>, (S4) 23-cr-490 (SHS)/UNDER SEAL

Dear Judge Stein:

  We represent Defendant Nadine Menendez.  I am writing to Your Honor in preliminary response to the government's letter motion concerning a series of deadlines in this case, including for reciprocal discovery, which it filed yesterday evening,  December 19, 2024 (Dkt. No. 658).  The government's letter sets forth its rationale for the deadlines it seeks, but does not convey any of the reasoning for the positions we have taken concerning these deadlines, which we have conveyed to the government.

  I attach here, for the Court's reference, a lengthy email chain showing communications between myself and the government concerning these issues.  I do not think there is any reason for the Court to detain itself with a thorough review of these emails, but I thought I should convey to the Court a sense of the parties' prior communications about these issues.  Over the last two weeks, I have engaged in a series of lengthy email exchanges about deadlines and related issues with all four of the prosecutors assigned to this case.  The attached is just a subset of these extended communications.  My objective in attaching them here is just to provide a sense of the efforts we have made to conciliate these issues with the government, and compromise concerning them, in what we hope has been a spirit of reasonableness and cooperation.

  I am currently traveling for a few days in South Carolina, with my wife, to visit our infant grandchildren.  I return home on Sunday.  If Your Honor would allow me until

Thursday, December 26, 2024 to respond to the government's letter motion, I would be most grateful.  We will be filing our motion *in limine* today, as, I assume, will the government.

Respectfully submitted,

Barry Coburn

 Gmail

**Barry Coburn <barry@coburngreenbaum.com>**

---

### RE: [EXTERNAL] Matters to confer on/defense responses
1 message

---

**Richenthal, Daniel (USANYS)** <Daniel.Richenthal@usdoj.gov>        Thu, Dec 19, 2024 at 12:59 PM
To: Barry Coburn <barry@coburngreenbaum.com>
Cc: Marc Eisenstein <marc@coburngreenbaum.com>, Sarah Schwietz <sarah@coburngreenbaum.com>, "Monteleoni, Paul (USANYS)" <Paul.Monteleoni@usdoj.gov>, "Ghosh, Catherine (USANYS)" <Catherine.Ghosh@usdoj.gov>, "Pomerantz, Lara (USANYS)" <Lara.Pomerantz@usdoj.gov>

Thanks for the prompt response, Barry.


While we appreciate you laying out some of your reasoning , we do not intend to provide your reasoning in our letter motion, and assume that you will provide and elaborate upon it as you see fit (just as we would if the situation were reversed).  We just wanted to make sure that we accurately capture your bottom line positions.


With that principle in mind, it seems that we did capture your bottom line positions.  With respect to Rule 16, we understand that you object to our proposal, and believe no deadline, whether "prompt" or otherwise, beyond December 23 should be set; and with respect to affirmative defenses notice, we understand that you object to providing notice of any not set forth in Rule 12.1-12.3, (i.e., alibi, insanity, and public authority).  That said, your latter response references generally "any applicable rule or statute," without further explanation, and if this is intended to indicate that you agree to provide notice of *other* affirmative defenses, apart from those three, please let us know which one(s), and we will of course add that to our letter.


We also understand that the other items we listed correctly captured your bottom line position, including that you object to providing Rule 17(c) responses, which we inadvertently left blank in the chart.


As always, we are happy to confer, but we plan to file promptly.


Dan


---

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Thursday, December 19, 2024 3:32 AM
**To:** Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>
**Cc:** Marc Eisenstein <marc@coburngreenbaum.com>; Sarah Schwietz <sarah@coburngreenbaum.com>; Monteleoni, Paul (USANYS) <PMonteleoni@usa.doj.gov>; Ghosh, Catherine (USANYS) <cghosh@usa.doj.gov>; Pomerantz, Lara (USANYS) <LPomerantz@usa.doj.gov>
**Subject:** Re: [EXTERNAL] Matters to confer on/defense responses


Hi Dan, please see attached, in both Word and pdf.  Best, Barry

Barry Coburn
Coburn, Greenbaum & Eisenstein PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC  20036
Universal direct dial (work and cell):  202-643-9472
Firm main number:  202-630-2844
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com


On Wed, Dec 18, 2024 at 5:53 PM Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov> wrote:

> Barry,
>
>
> We are preparing the file our motion with respect to deadlines.  Please let us know if the attached accurately provides
> your position, and if we do not hear from you by mid-day tomorrow, we will assume that it does accurately provide your
> position.  As you can see, we have, in light of our failure to reach agreement, moved certain deadlines to December 20,
> so that the Court is not being asked to order a deadline that would seem to place a party in the position of not being in
> compliance.  We have also added that the parties should trade visuals to be used in opening, as the parties agreed to
> last time (and Judge Stein also agreed should be done).
>
>
> Dan
>
>
> **From:** Barry Coburn <barry@coburngreenbaum.com>
> **Sent:** Tuesday, December 17, 2024 9:02 AM
> **To:** Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>
> **Cc:** Marc Eisenstein <marc@coburngreenbaum.com>; Sarah Schwietz <sarah@coburngreenbaum.com>; Monteleoni,
> Paul (USANYS) <PMonteleoni@usa.doj.gov>; Ghosh, Catherine (USANYS) <cghosh@usa.doj.gov>; Pomerantz, Lara
> (USANYS) <LPomerantz@usa.doj.gov>
> **Subject:** Re: [EXTERNAL] Matters to confer on/defense responses
>
>
> Hi Dan, some preliminary responses below in all caps.  Best, Barry
>
>
> Barry Coburn
> Coburn, Greenbaum & Eisenstein PLLC
> 1710 Rhode Island Avenue, NW
> Second Floor
> Washington, DC  20036
> Universal direct dial (work and cell):  202-643-9472
> Firm main number:  202-630-2844
> Fax:  866-561-9712 (toll-free)
> www.coburngreenbaum.com
>
>
> On Mon, Dec 16, 2024 at 9:23 PM Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov> wrote:
>
> > Barry,

Regarding motions *in limine* ("MIL"), the Court generally either ruled the pertinent arguments/evidence were impermissible or the defendants agreed they would not make the arguments/introduce such evidence so the Court found that corresponding motions were moot, and in a few instances (such as regarding Doug Anton) there was substantive argument and the Court imposed limitations. As you requested, as a courtesy, we can point you to the following parts of the docket and/or transcript (which may not be exhaustive): WE'LL TAKE A LOOK AT THE TRANSCRIPT REFERENCES, BUT HERE ARE A FEW PRELIMINARY RESPONSES BASED ON THE DESCRIPTIONS BELOW:

1. Specific instances of gift-giving precluded: (Dkt. 654 (12/13/24 ruling on Rule 29/33 motions) at 71-74; Trial Transcript ("Tr.") 5543:3-5546:4.) I DOUBT WE HAVE ANY INTEREST IN THIS KIND OF EVIDENCE.
2. Only limited, non-inflammatory evidence re: Doug Anton allowed: (Tr. 5537:16-5538:14, 5746:18-5747:12, and 5759:16-5760:14; *see also* Dkt. 488 (June 29, 2024 Gov't letter) at 2-6, describing problems with certain evidence the defendants sought to introduce, which the Court found were not admissible.)
3. MIL re: motives/reasons for prosecution deemed moot because no defendants opposed the MIL: (May 6, 2024 Pretrial Conf. ("PTC") Transcript ("Pretrial Tr.") at 4.) I DOUBT WE HAVE ANY INTEREST IN THIS LINE OF INQUIRY EITHER.
4. MIL re: prior DNJ case deemed moot because no defendants opposed the MIL: (Pretrial Tr. at 8.) YOU MEAN THE PRIOR PROSECUTION OF THE SENATOR IN THE DNJ?
5. MIL re: discovery obligations and whether defendants were treated unfairly deemed moot because no defendants opposed the MIL (although the Court also noted that "I certainly wouldn't allow any such argument"): (Pretrial Tr. at 8.)
6. MIL re: whether others engaged in similar conduct (unconnected to contemporaneous knowledge/intent): the Court deferred ruling on this at the final PTC, but understood our objection regarding the need for this type of testimony to be connected to contemporaneous knowledge/intent. (Pretrial Tr. at 10-11, 12-13.) Given how fact-intensive this issue can be, the Court may need to resolve it during rather than prior to trial in the next trial as well, although we are always happy to confer—and this kind of thing is why we believe that meaningful reciprocal disclosures are necessary, before a witness testifies, so that the parties can confer and raise timely any issues for the Court. A LITTLE UNCLEAR ON THE MEANING OF THIS -- WE'LL LOOK AT THE TRANSCRIPT.
7. Specific examples of prior good acts precluded: (Tr. 5746. ) WE MIGHT HAVE AN ISSUE ABOUT THIS ONE, SINCE PRIOR CONDUCT COULD BEAR ON KNOWLEDGE/INTENT IN MY VIEW.
8. Re: medical condition or family history, only limited, non-inflammatory, firsthand testimony allowed: (Tr. 5745-5747; *see, e.g.*, Tr. 5745:23-25 ("Details of childhood poverty, sort of Angela's Ashes sorts of things or emotional trauma, are not being permitted under Rule 403.").) I KNOW THE GOVERNMENT IS ALWAYS CONCERNED ABOUT APPEALS TO SYMPATHY/NULLIFICATION. NOT WHERE WE ARE GOING IN THIS CASE (IF IT EVER IS PERMISSIBLE TO GO THERE).

(Note: We have not listed those potential or filed motions *in limine* that concerned discrete and sensitive witness-specific lines of inquiry, which generally turned on whether certain prior conduct fell within Rule 608 and thus could be inquired of on cross-examination, and the parties in the first trial largely resolved, following the production of the pertinent 3500, or the Court quickly resolved during trial. We can happy to confer regarding those discrete witness-specific issues following the production of 3500 here.)

Please let us know if you still reserve the right to raise any of the above arguments or to introduce evidence of the same <u>without prior notice</u> to the Government or Court, outside of the presence of the jury. As we previously indicated, and because you have generally said you have no present intention of raising these but that that could change, if you agree to give notice in advance so the parties can raise any disputes with the Court we do not believe we need to file any motions *in limine* on these subjects at this time.

With respect to Rule 16 and the reciprocal discovery requirement, it sounds like you are saying that you do not have any such discovery at the moment. Please confirm that is correct, particularly since you appear to refer below to "evidence" in the first trial, which may refer to more than what the Government produced, and also refer only to introduction in a defense case, but our view is that Rule 16 as to a defendant also applies to materials you would seek to introduce for evidentiary (rather than solely impeachment) purposes in the Government's case-in-chief. Regardless, do you agree to produce any such materials promptly, to the extent you identify or come into possession of any? If so, we will include that in the agreements that we will ask the Court to so order. If not, we will include a request for such an order in our forthcoming motion to the Court.

With respect to Rule 17(c) subpoenas, we take it from your response that you have not yet sought or served any, and we appreciate you letting us know that. But it seems like there remains a disagreement as to whether, if you do receive materials via such subpoenas, you will promptly provide the returns to us, as defense counsel agreed to do prior to trial with respect to the first trial, following our indicating that, in lieu of such agreement, we would file a motion, and the Court agreeing that the defendants should promptly provide those materials. (Pretrial Tr. at 48.) Our position, which is not unique to this case, is that Rule 17(c) requires that the opposing party receive a copy of responses, and in any event, because Rule 17(c) subpoenas may properly be served only to obtain specific materials that the party expects to offer into evidence, Rule 16 obliges the party to make the materials available to the other side. You of course may disagree, but given that Judge Stein ordered this previously, and did so before trial, we hoped that we would not have to include a request for such a repeat order in our forthcoming motion, but we can do so.

And of course, as Lara said, we're happy to confer if that would be helpful.

Dan

Daniel C. Richenthal

Deputy Chief, Criminal Division

Assistant United States Attorney

United States Attorney's Office

Southern District of New York

26 Federal Plaza, 37th Floor

New York, NY 10278

Tel: (212) 637-2109

Fax: (212) 637-2615

Daniel.Richenthal@usdoj.gov

---

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Sunday, December 15, 2024 2:48 PM
**To:** Pomerantz, Lara (USANYS) <LPomerantz@usa.doj.gov>
**Cc:** Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>; Marc Eisenstein <marc@coburngreenbaum.com>; Sarah Schwietz <sarah@coburngreenbaum.com>; Monteleoni, Paul (USANYS) <PMonteleoni@usa.doj.gov>; Ghosh, Catherine (USANYS) <cghosh@usa.doj.gov>
**Subject:** Re: [EXTERNAL] Matters to confer on/defense responses

Hi Lara, that sounds like a reasonable procedure. I thought Judge Stein might appreciate a draft proposed order, filling in the dates on which we agree and leaving blanks where we don't. However, you and your colleagues practice more in the SDNY than I do, and so I'll defer to your preference just to send the Court a letter.

A few items, which hopefully will help to clarify any areas of disagreement:

- I don't really agree that we are at a "real and multi-faceted impasse." Hopefully this note will help to lower the temperature a bit and keep us all on an even keel. First, I agree that Fed.R.Crim.P. 16 is operative in this case. The timing requirement for defense production of reciprocal discovery materials is not without ambiguity. Whether we need to produce reciprocal discovery documents at this moment, perhaps 2-3 months before any defense case could start, is somewhat academic. I've just completed my review of the Opinion and Order Judge Stein issued on December 13 disposing of post-trial motions, which was quite helpful in crystallizing my thinking about this case. I hope it will help for me to note that at this moment in time, I am not aware of a single piece of paper, which did not originate with a discovery production by the government or evidence used in Trial 1, that I would seek to introduce into evidence in our case as part of an affirmative defense case. Obviously that is not a commitment that something like that might not emerge, but if Dan is worried that I am sitting on a mother lode of exculpatory, unproduced documents that are responsive to previously-issued subpoenas in this case, to my knowledge, I'm not.
- With respect to Rule 17(c), I'm not sure how to interpret Dan's note. It sounds like the government might be focused on subpoenas that were issued before my firm's tenure in this case began, and that the government believes that any production requirement concerning these subpoenas is continuing. Or do you believe Rule 17(c) subpoenas have been approved during our tenure in the case, but you're unaware of them? I have not, thus far, sought approval of any such subpoenas. I confess that, in the midst of a large volume of "to do" items as we prepare for trial next month, these are issues I've focused on very little, prior to receipt of Dan's note last week. If there is concern that our predecessor counsel did not previously produce responsive materials, I'd be grateful if you could send us any subpoenas at issue and let us know what's been produced to date in response to them, and why you think any such production is incomplete. I'd also be grateful for a copy of any order issued by Judge Stein concerning any such subpoenas, and any authority you have indicating that a requirement of production is continuing, as it would be, e.g., in response to requests for production of documents in the civil context. Or please correct me if I'm misunderstanding Dan's note.
- With respect to prior orders *in limine* in Trial 1, of course I'll agree to abide by them unless I ask to have them modified. If you can send along the prior orders *in limine* that you're referencing, that would be most helpful.

I hope this helps. Best, Barry


Barry Coburn
Coburn, Greenbaum & Eisenstein PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC 20036
Universal direct dial (work and cell): 202-643-9472
Firm main number: 202-630-2844
Fax: 866-561-9712 (toll-free)
www.coburngreenbaum.com



On Sat, Dec 14, 2024 at 10:58 PM Pomerantz, Lara (USANYS) <Lara.Pomerantz@usdoj.gov> wrote:

Barry,
We tried to lay out our understanding of where things stand. We are happy to confer further if you have additional information or positions to share with us. Otherwise, our plan is to submit a letter to the Court laying out where the parties have come to agreed upon dates and areas of disagreement and ask the Court to order the productions and deadlines on which we agree and resolve those on which we do not agree. Please also respond to our question regarding Rule 17(c).

Thanks,

Lara

---

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Saturday, December 14, 2024 4:18 AM
**To:** Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>
**Cc:** Marc Eisenstein <marc@coburngreenbaum.com>; Sarah Schwietz <sarah@coburngreenbaum.com>; Pomerantz, Lara (USANYS) <LPomerantz@usa.doj.gov>; Monteleoni, Paul (USANYS) <PMonteleoni@usa.doj.gov>; Ghosh, Catherine (USANYS) <cghosh@usa.doj.gov>
**Subject:** Re: [EXTERNAL] Matters to confer on/defense responses

Hello all, please let me know if there's interest in a zoom over the weekend or Monday. We have agreement on a number of items, and happy to discuss and try to narrow the gap on those we don't. In particular, I believe Judge Stein was asking the parties to propose a scheduling order, and I recommend we draft one. Best, Barry

Barry Coburn
Coburn, Greenbaum & Eisenstein PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC 20036
Universal direct dial (work and cell): 202-643-9472
Firm main number: 202-630-2844
Fax: 866-561-9712 (toll-free)
www.coburngreenbaum.com

On Thu, Dec 12, 2024 at 11:30 PM Barry Coburn <barry@coburngreenbaum.com> wrote:

Hi Dan, thanks for your note late tonight. You seem angry and upset, and I feel badly about that. Not my objective at all. My objective is to discharge my obligations to the Court and my ethical obligations in this case, including my constitutional obligations to our client. Yours is the third lengthy recent note from your team about these issues. I may not be able to respond to it as quickly as I'd like, particularly given our looming due date next week for motions in limine. I've spent a fair amount of time studying Second Circuit precedent on defense reciprocal discovery, but I always could have missed something. If you believe you have authority for the proposition that defense evidence could be precluded if not disclosed to the government by tomorrow, please don't hesitate to send it along and we'll review it promptly. And I'll look forward to responding to the rest of your note as soon as I can. Best, Barry

Barry Coburn
Coburn, Greenbaum & Eisenstein PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC 20036
Universal direct dial (work and cell): 202-643-9472
Firm main number: 202-630-2844
Fax: 866-561-9712 (toll-free)
www.coburngreenbaum.com

On Thu, Dec 12, 2024 at 9:57 PM Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov> wrote:

Thanks for the prompt follow-up, Barry. It seems that we unfortunately are at a real and multi-faceted impasse, and we will accordingly file a motion with the Court, but in the interest of confirming what is in dispute, and narrowing or mooting any potential issues, we briefly respond as follows:

*First*, with respect to Rule 16, as you know, your obligation to produce such materials to us is mandatory, already in effect, and ongoing, as is our corresponding obligation to produce materials to you. We merely suggested tomorrow as the deadline for you to prepare (e.g., stamp) and produce such materials, to the extent both extant and not already produced. If you are saying that you have such materials, but are declining to produce them until December 23, what is the basis for such a delay? We do not expect Judge Stein will accept any delay in production of reciprocal discovery, with trial looming, much less a delay to two days before Christmas, and absent agreement, we will both move for us to be provided with all such materials promptly, and reserve the right to move to preclude any materials that are belatedly produced.

Relatedly, in light of your response, we are concerned that the defendant may also be withholding other materials that should have been provided to us, and in particular, any materials obtained via Rule 17(c) subpoenas.  Could you let us know (1) if you have obtained such materials, but are declining to produce them to us, and (2) if you have not yet obtained such materials, whether you agree to promptly produce any that you do obtain?  Again, absent agreement, we will both move for an order for us to be provided with all materials promptly, and reserve the right to move to preclude any materials that are belatedly produced.

*Second*, with respect to 3500 material, as we already told you (via email on November 24), if we come to agreement, we expect to produce all or substantially all of the extant 3500 on or about December 30, but will continue making rolling productions as we obtain or generate new 3500 material, a process which of course is likely to continue past the start of trial.

*Third*, with respect to a party's anticipated witnesses and exhibits to be offered in connection with that witness's testimony in the Government's case-in-chief and the defense case (item 11 below), we are of course happy to confer if you think this fruitful, but we should do so quickly, because otherwise we will include this in our motion to the Court.

*Fourth*, with respect to experts, we of course cannot and are not waiving our ability to designate any experts beyond those who testified in the first trial.  But we are ready to give expert notice, consistent with Rule 16, if we can agree upon dates.  As a courtesy, we can advise you that, at present, we intend to provide notice for, and accordingly reserve the right to call in our case-in-chief, the same previously noticed and testifying experts, plus an Arabic linguist in the event that the parties cannot agree on Arabic translations, and a Spanish linguist in the event that the parties cannot agree on Spanish translations.  Again, we simply cannot accept a defense deadline of January 6, for an unknown number and nature of proposed defense experts, when there may be litigation over the adequacy of notice and/or admissibility.  Indeed, in connection with the first trial, the Court precluded multiple defense experts, in whole or in part.  We do not expect that Judge Stein will accept January 6, or anything close, given that record and that we have no idea the number and nature of experts you intend to propose, notwithstanding that you have the first trial transcript and know what experts we intend to notice.

*Finally*, with respect to motions *in limine,* are you now saying that you cannot agree not to open on, or offer evidence or argument concerning, any of the subjects covered by the prior motions *in limine* and Court rulings thereon, such that we should re-file all such motions, and ask the Court to repeat its rulings again?  We of course can re-file all of our motions, and ask the Court to repeat its rulings, if that is your position, and can so advise the Court as to why we are re-filing all of our motions.

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Thursday, December 12, 2024 4:02 AM
**To:** Ghosh, Catherine (USANYS) <cghosh@usa.doj.gov>
**Cc:** Marc Eisenstein <marc@coburngreenbaum.com>; Sarah Schwietz <sarah@coburngreenbaum.com>; Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>; Pomerantz, Lara (USANYS) <LPomerantz@usa.doj.gov>; Monteleoni, Paul (USANYS) <PMonteleoni@usa.doj.gov>
**Subject:** Re: [EXTERNAL] Matters to confer on/defense responses

Hi Katherine, thanks for your note.  Responses in all caps below.

Barry Coburn
Coburn, Greenbaum & Eisenstein PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC  20036

Case 1:23-cr-00490-SHS    Document 659    Filed 12/20/24    Page 10 of 13

Universal direct dial (work and cell): 202-643-9472
Firm main number: 202-630-2844
Fax: 866-561-9712 (toll-free)
www.coburngreenbaum.com


On Wed, Dec 11, 2024 at 3:51 PM Ghosh, Catherine (USANYS) <Catherine.Ghosh@usdoj.gov> wrote:

> Barry, thanks for your responses. To clarify re: the other defendants' sentencing date, by "shortly before trial" we were referring to the new date for their sentencings, not when the court issues an order rescheduling them. THANKS. DOES THAT MEAN THAT A CONSENT MOTION TO MOVE THE DATE COULD BE FILED NOW?
>
>
> In terms of expert disclosures, we expect our experts to be consistent with those we used in the first trial. Are you requesting until January 6 to file any motion to preclude a Government expert, or to file your own notice of potential defense experts? We can agree to January 6 as a deadline for any defense motion to preclude a Government expert, but if you don't give us notice of your own experts until that date (which is only two weeks before trial) we won't have sufficient time to file motions before the final pretrial conference. I'M REQUESTING BOTH. I UNDERSTAND THAT THE TIME FOR THIS PROCESS IS COMPRESSED BUT I CANNOT WAIVE OUR ABILITY TO SEEK RESPONSIVE EXPERT TESTIMONY IF IT APPEARS APPROPRIATE BASED ON THE GOVERNMENT'S EXPERT NOTICE.
>
>
> It appears we have agreement on most dates, and we can separately raise with the Court the issue of notice of the defense case. We plan to write to the Court this week seeking that it so-order the agreed-upon dates (and set a date for the final pretrial conference), and will send you a list of what we believe the parties have agreed to once we understand your position on the expert deadlines.
>
>
> Finally, in terms of the motions in limine, you indicated for a variety of things that you do not presently intend to raise certain arguments but may if the Government opens the door. Do you agree that, if you believe the door has been opened (or otherwise plan to make arguments from that list), you will give us notice in advance so the parties can raise any issues with the Court if necessary? COMMITTING TO THAT, I THINK, WOULD BE A TALL ORDER FOR US IN THE CONTEXT OF AN ONGOING TRIAL. I WILL TRY TO BEAR IN MIND THE LIST YOU PROVIDED AND WILL TRY TO LET YOU KNOW IF I BELIEVE THE GOVERNMENT HAS OPENED ANY OF THOSE ISSUES, BUT I DO NOT AGREE THAT IF I DON'T DO THAT BY A PARTICULAR DATE, WE WOULD BE PRECLUDED FROM RESPONDING.
>
>
>
> **From:** Barry Coburn <barry@coburngreenbaum.com>
> **Sent:** Wednesday, December 11, 2024 1:37 PM
> **To:** Monteleoni, Paul (USANYS) <PMonteleoni@usa.doj.gov>
> **Cc:** Marc Eisenstein <marc@coburngreenbaum.com>; Sarah Schwietz <sarah@coburngreenbaum.com>; Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>; Pomerantz, Lara (USANYS) <LPomerantz@usa.doj.gov>; Ghosh, Catherine (USANYS) <cghosh@usa.doj.gov>
> **Subject:** [EXTERNAL] Matters to confer on/defense responses
>
>
> Hi Paul, thanks for the note and good seeing you and your colleagues on Monday. I'm a bit on the run but thought I would try and get some preliminary responses to you. They're below in call caps, just to make them easier to see. Always happy to discuss in any format. Best, Barry

Barry Coburn
Coburn, Greenbaum & Eisenstein PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC  20036
Universal direct dial (work and cell):  202-643-9472
Firm main number:  202-630-2844
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com


On Tue, Dec 10, 2024 at 9:36 AM Monteleoni, Paul (USANYS) <Paul.Monteleoni@usdoj.gov> wrote:

> Following yesterday's conference, we'd like to confer about a number of items.  We are happy to do so
> live if that's preferable on your end, but given the number of discrete items they may be easier to keep
> track of in email form, and we certainly have no objection to doing it that way if that's better for you.


> *Pretrial Deadlines:*


> As I mentioned before the conference yesterday, we need to adjust our CIPA section 6 deadline to
> January 8 for logistical reasons, understanding that it may be academic if, as you indicated you believe
> likely, you do not file Section 5 notice on December 16.  NO OBJECTION TO JAN. 8.


> We expect to write to the Court seeking resolution of the outstanding disputes regarding pretrial
> deadlines.  We believe that those disputes include (a) what affirmative defenses the Court should set a
> deadline for you to notice, and (b) what if any notice the Court should order of your case (including
> exhibits to be used in your case, witness list, Rule 26.2 material, and proffers of testimony if not
> adequately set forth in Rule 26.2 material or otherwise).

> JUST TO REITERATE, I OF COURSE HAVE NO OBJECTION TO NOTICE/DISCLOSURE
> REQUIREMENTS EXPRESSLY IMPOSED ON THE DEFENSE BY STATUTE OR RULE OF CRIMINAL
> PROCEDURE.  NOR, OBVIOUSLY, DO I OBJECT TO THE APPLICATION OF RULE 26(b).  I DO
> OBJECT TO THE NOTION THAT THE DEFENSE IN A CRIMINAL CASE IS OBLIGED TO "PRE-TRY"
> ITS DEFENSE, AS WOULD ROUTINELY OCCUR THROUGH THE FILING OF A JOINT PRETRIAL
> STATEMENT IN A CIVIL CASE.  HAPPY AS ALWAYS TO DISCUSS, AND IF YOU HAVE AUTHORITY
> ON THIS I'D LOOK FORWARD TO REVIEWING IT.


> Additionally, there are several deadline issues we've been discussing and am not sure if we've reached
> agreement:

>   1. Do you agree to Government expert notice on December 16, defense expert notice on
>      December 30, and the parties may move to preclude any experts two weeks after notice?  I
>      THINK WE SHOULD HAVE UNTIL JAN. 6.  IT WOULD BE VERY DIFFICULT FOR US TO
>      RESPOND THAT QUICKLY TO GOVERNMENT EXPERT NOTICES.  IF YOU CAN GIVE US A
>      SENSE NOW OF WHAT YOU ANTICIPATE IN THIS REGARD, PLEASE DON'T HESITATE.
>   2. Do you agree to CIPA section 5 by December 16, and CIPA section 6 by January 8, as
>      discussed above?  PLEASE SEE ABOVE.
>   3. Do you agree that the party not calling a witness will make objections to exhibits to be
>      introduced in connection with that witness's testimony within 24 hours after notice of those
>      exhibits, except that in cases of witnesses with very large numbers of exhibits such that we
>      provide notice substantially in advance, we will agree on a time to exchange objections at a time
>      that will allow Judge Stein to rule on any outstanding objections without disrupting the order of
>      the witnesses?  YES.

4. Do you agree that the party not calling a witness will identify any non-impeachment exhibits to be offered in connection with that witness's testimony within 24 hours after notice of the witness and exhibits?  YES.

*Motions in Limine:*

In order to avoid unnecessary motions in limine, could you please advise whether you plan to do any of the following (if so, we would like to confer about what you are envisioning so that we can narrow any issues we may have to bring before the Court):

1. Introduce evidence, or make any argument, regarding specific instances of gift-giving by Wael Hana or Fred Daibes to persons other than your client or Robert Menendez;  NO PRESENT INTENTION.
2. Introduce evidence, or make any argument, pertaining to Douglas Anton;  I DON'T ANTICIPATE OUR DOING THAT BUT IT DEPENDS IF YOU FOLKS OPEN IT UP.  I KNOW THERE'S CONCERN THAT THE DEFENSE WILL BE A PLEA FOR SYMPATHY/NULLIFICATION.  IT WON'T BE.
3. Introduce evidence, or make any argument, concerning the motives or reasons that your client is being prosecuted, or claiming that the prosecution is novel;  RE "NOVEL," NO.  RE THE REASONS FOR PROSECUTION, NO PRESENT INTENTION BUT DEPENDS IF YOU FOLKS OPEN IT UP.
4. Introduce evidence, or make any argument, concerning whether your client's conduct should have been handled other than through a criminal prosecution, or that the prosecution has had or will have negative consequences;  I THINK IT'S IN-BOUNDS FOR THE DEFENSE TO TELL THE JURY THAT A CRIMINAL PROSECUTION IS A SERIOUS MATTER.  ON THE OTHER HAND, IT IS OUT OF BOUNDS TO REFER TO A POSSIBLE SENTENCE.  RE SUGGESTING THAT SHE SHOULD HAVE BEEN SUED INSTEAD, OR SOMETHING ALONG THOSE LINES, NO.
5. Introduce evidence, or make any argument, concerning the punishment your client has faced or will face;  SEE ABOVE
6. Introduce evidence, or make any argument, concerning Robert Menendez's prior federal criminal prosecution arising out of his 2015 indictment in the District of New Jersey;  CANNOT SEE GOING THAT BUT DEPENDS IF YOU OPEN IT UP.
7. Introduce evidence, or make any argument, concerning whether the Government has complied with its discovery and disclosure obligations or otherwise treated your client fairly or unfairly;  NO PRESENT INTENTION.
8. Introduce evidence, or make any argument, concerning whether the Government has brought unrelated cases, successfully or unsuccessfully;  NO.
9. Introduce evidence, or make any argument, concerning whether the charges against your client are unconstitutionally vague;  NO, THAT'S AN ISSUE FOR THE COURT, IF FOR ANYONE.
10. Introduce evidence, or make any argument, concerning whether others engaged in similar conduct, absent a connection to your client's relevant contemporaneous knowledge or intent;  NOT SURE ABOUT THAT BUT I DOUBT IT.
11. Introduce evidence, or make any argument, concerning whether the charged acts were good for the public or should have been undertaken, absent a connection to your client's relevant contemporaneous knowledge or intent;  NOT ABSENT A CONNECTION TO KNOWLEDGE OR INTENT.
12. Introduce evidence, or make any argument, concerning your client's prior commission of good acts or lack of prior bad acts;  or  PRIOR GOOD ACTS MIGHT RELATE TO INTENT, IN MY VIEW, BUT IT DEPENDS HOW THE GOVERNMENT'S CASE-IN-CHIEF DEVELOPS.
13. Introduce evidence, or make any argument, concerning of your client's medical condition (either her condition during trial or at any other time), or her family, background, age, health, or other personal characteristics.  FAMILY, BACKGROUND, AGE, AND OTHER PERSONAL CHARACTERISTICS MAY WELL RELATE TO THE DEFENDANT'S REQUISITE KNOWLEDGE AND/OR INTENT, IN MY VIEW.  NOT SURE AT THIS MOMENT I SEE THE RELEVANCE OF HER MEDICAL CONDITION, NOW OR PREVIOUSLY, BUT I SUPPOSED IT COULD BECOME RELEVANT TO KNOWLEDGE OR INTENT, DEPENDING ON HOW THE GOVERNMENT'S CASE COMES IN.

*Stipulations:  WE ARE THINKING ABOUT STIPULATIONS.  WE HAVE NO REASON TO UNNECESSARILY ELONGATE THE TRIAL WITH IRRELEVANCIES, BUT BY THE SAME TOKEN I'M RELUCTANT TO STIPULATE TO RELEVANT, PROBATIVE EVIDENCE THAT COULD BE REFERENCED DURING ARGUMENT UNLESS I'M SURE THERE IS NO FACTUAL ISSUE THERE.*

It would assist our planning, and help in moving efficiently towards reaching stipulations where are able to, if you could give us your initial inclination (of course preliminarily and subject to seeing the stipulations themselves) on whether you would be likely to enter any of the following stipulations:

1. Stipulations substantially similar to the stipulations entered into in the previous trial, which we sent you previously.
2. Stipulations as to the authenticity (but not admissibility) of any non-summary exhibit accepted into evidence in the prior trial, where the exhibit was offered pursuant to the testimony of a witness.
3. Stipulations as to the testimony of any of the following witnesses (consistent with their testimony in the first trial):

   1. Jamela Maali
   2. Meirna Hanna
   3. Janice Grasty
   4. Joseph Catania
   5. Isabella Fuchs
   6. Elisabeth Wheeler

*Sentencing of Codefendants:*

Regarding the concern that you raised regarding the possible publicity engendered by the sentencing of your clients' codefendants, we do not object to moving the sentencing dates so that they do not fall during the trial, but we believe that it would be more appropriate to move them shortly before trial than after.  DO YOU MEAN SHORTLY BEFORE TRIAL RATHER THAN NOW?

Paul M. Monteleoni

Senior Trial Counsel

U.S. Attorney's Office

Southern District of New York

26 Federal Plaza, 37th Floor

New York, NY 10278

212-637-2219