UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: (S4) 23-Cr-490 (SHS)
UNITED STATES OF AMERICA :
: MEMORANDUM SUPPORTING
-v- : DEFENDANT NADINE
: MENENDEZ'S MOTION
ROBERT MENENDEZ, NADINE MENENDEZ, : IN LIMINE
WALE HANA, AND FRED DAIBES, :
:
Defendants. :
:
---------------------------------------------------------------x

    Defendant Nadine Menendez, through counsel, respectfully submits this memorandum of points and authorities in support of her Motion *In Limine*. We seek *in limine* relief in the following subject areas:

- Argument By Government Concerning Timing of Alleged Bribes
- Government Assertions Concerning Prior Google Searching
- Government Assertions Concerning What Constitutes Official Action
- Burden Shifting By Government
- Assertion That "Friends Don't Give Cash and Gold"
- Assertion That Nadine "Came From Money," But It's Gone

We address these issues, *seriatim,* below. We refer to the trial of the Senator and his two codefendants as the 'first trial." We reference the Opinion and Order issued by the Court on December 13, 2024, disposing of post-trial motions filed by the Defendants in Trial 1 (Dkt. No. 654) as the Court's "Opinion and Order."

1. <u>Argument By Government Concerning Timing of Alleged Bribes</u>

In our view, the government suggested to the jury in the first trial that the timing of provision of things of value, vis-a-vis "official acts" by the co-conspirators, did not matter, so long as a "*quid pro quo*" was proven. This, as the Court correctly observed in its Opinion and Order, is not the law. Opinion and Order at 8-9, 13. Our request is that the government be required, to the extent it opens, elicits testimony concerning or closes concerning the issue of timing, to refrain from suggesting to the jury that the requirements for conviction, with respect to the timing of alleged giving of things of value, are any more permissive than the Court described in the Opinion and Order.

2. <u>Government Assertions Concerning Prior Google Searching</u>

The government repeatedly suggested to the jury that the instances of Mr. Menendez "googling" the price of gold were the first instances -- ever -- in which he did that. *See, e.g.,* Tr. 7/8/24 at 6383. There is, to our knowledge, no evidentiary predicate for this assertion. Google was founded in September, 1988, and we know of no evidentiary predicate for what searches Mr. Menendez performed in the distant past. We seek an order precluding this argument in our trial.

3. <u>Government Assertions Concerning What Constitutes Official Action</u>

In its Opinion and Order, the Court defines, in detail, the term "official act," also referenced as "official action," as used in this case. Opinion and Order at 6-7. In order to establish, *e.g.,* honest services fraud based upon official acts, the government is required to prove that, "at the time the bribe was accepted," the defendant promised to take official action on "a specific and focused question or matter as the opportunities to take such action arose." *United States v. Silver ("Silver II"),* 948 F. 3d 538, 568-59 (2d Cir. 2020); *accord, United States v.*

*Mangano,* 2122 U.S Dist. LEXIS 3133 (E.D.N.Y. January 6, 2022).   Similarly, this Court has observed that

> the Supreme Court found that the district court's jury charge did not include three instructions that should have been given. Specifically, the Court held that the district court should have instructed the jury that:
>
> (1) it "must identify a 'question, matter, cause, suit, proceeding or controversy' involving the formal exercise of governmental power;"
>
> (2) "the pertinent 'question, matter, cause, suit, proceeding or controversy' must be something specific and focused that is 'pending' or 'may by law be brought before any public official;'" and
>
> (3) "merely arranging a meeting or hosting an event to discuss a matter does not count as a decision or action on that matter."
>
> Because it was not possible to ascertain that McDonnell had been convicted for performing or participating in some act that met this newly-announced definition of the term "official acts," his conviction was vacated. *See United States v. Silver*, 864 F.3d 102, 115-17 (2d Cir. 2017) (discussing *McDonnell*).

*Annabi v. United States*, No. 17-cv-5182 (CM), 2018 U.S. Dist. LEXIS 123621, at *6 (S.D.N.Y. July 19, 2018).

The key words in this rubric, from our perspective, are "specific and focused."  Our submission is that aspects of the government's closing argument in the first trial were contrary to these requirements, in that they suggested that communications engaged in by Mr. Menendez were illegal, even though they did not relate to any identified "specific and focused" official act, but rather to vague alleged attempts to, *e.g.,* influence judicial proceedings in an unspecified manner.  Accordingly, the Court should rule *in limine* that such argument is not permitted, nor is questioning of witnesses suggesting that these fundamental requirements are inapplicable.

4.  <u>Burden Shifting By Government</u>

In our view, aspects of the government's closing arguments in the first trial amounted to impermissible burden-shifting to the defense. *See, e.g.,* Tr. 7/8/24 at 6478-80 (argument that a proposition was "undisputed"; argument that the defense failed to present certain evidence). We request that the Court issue an order precluding such references in the government's opening statement or closing arguments.

5.  <u>Assertions That "Friends Don't Give Cash and Gold"</u>

In the first trial, the government advanced speculative, conclusory argument about what friends do and do not do. For example:

> Friends do not give friends envelopes stuffed with $10,000 in cash, just out of friendship. Friends do not give those same friends kilogram bars of gold worth $60,000 each out of the goodness of their hearts.

Tr. 7/9/24 at 6507. We suggest that argument like this should not be permitted, particularly given the risk that jurors may not be favorably disposed towards persons with such available resources, and particularly because Nadine Menendez comes from a culture outside the United States. Of course, specific evidence probative of the proposition that particular things of value were not gifts is entirely permissible.

6.  <u>Assertions That Nadine Menendez "Came From Money," But It's Gone</u>

Similarly, the government made the following argument in the first trial:

> Now, just to be clear, there is some evidence Nadine came from money, right, in the 1970s and 1980s. But by 2022, it is very clear that's gone. She literally was on the verge of losing her home. There is not kilogram bars sitting around the house. And if they were, that stuff is not sentimental. That's not what you heard from the witnesses. Jewelry, absolutely, that's sentimental. A kilogram of gold, no. Any gold she had like that was long gone by then.

Tr. 7/11/24 at 6921.  The proposition that Ms. Menendez "came from money . . . but it's gone" is prejudicial and without probative value, and hence should not be allowed.  More specific argument, *e.g.,* about her provable incentives to receive particular things of value at particular times, are of course permissible.

                          Respectfully submitted,

                          /s/ Barry Coburn
                          _____
                          Barry Coburn, NYS Bar No. 5221338
                          Coburn & Greenbaum PLLC
                          1710 Rhode Island Avenue, N.W.
                          Second Floor
                          Washington, DC  20036
                          Tel:  202-643-9472
                          Fax:  1-866-561-9712
                          barry@coburngreenbaum.com

Certificate of Service

    I hereby certify that on December 20, 2024, this memorandum will be served on all counsel of record via this Court's electronic filing system.

                          /s/ Barry Coburn
                          _____