*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 20, 2024

**By ECF**
The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  *United States v. Nadine Menendez,* S4 23 Cr. 490 (SHS)

Dear Judge Stein:

The Government respectfully writes in the above-captioned matter regarding motions *in limine* in advance of the January 21, 2025 trial. The Government has conferred with defense counsel on the below issues multiple times and, while defense counsel has generally represented that he does not currently expect to raise the pertinent arguments, he would not commit to notifying the Court or the Government in advance, outside of the presence of the jury, if that intention changes so that the parties could confer and then seek a ruling from the Court if necessary. There is therefore no assurance that improper arguments will not be put before the jury without providing the Court an opportunity to rule on potential Government objections.

Accordingly, the Government requests that the Court, to the extent the below issues are not yet ripe to rule on, order defense counsel not to present such arguments—whether in opening statement, through witness examination, or through exhibits—without first raising the issue with the Court and/or conferring with the Government in sufficient time so the matter can be addressed without wasting jury time with lengthy sidebars or disrupting the efficient presentation of evidence.[1]

---

[1] The Government respectfully reserves the right to file supplemental motions *in limine*, including after receiving disclosures from the defendant and notice of defense experts. The Government also intends to confer with the defendant regarding whether there are any disputes concerning the scope of cross-examination of specific witnesses under Federal Rules of Evidence 403 and 608, following the production of 18 U.S.C. § 3500 material, as the parties did with respect to the first trial.

Honorable Sidney H. Stein
December 20, 2024
Page 2

Because these issues were previously raised and ruled on by this Court in connection with the trial against Nadine Menendez's co-defendants, the Government herein summarizes the issues with citations to the docket numbers of certain prior motions or briefing related to these issues, which are incorporated by reference herein, and provides the docket or transcript citation for relevant prior Court rulings.[2]

1. **Evidence or Argument Concerning Specific Instances of Gift-Giving by Wael Hana or Fred Daibes, or Anyone Else, to Persons Other Than Nadine Menendez or Robert Menendez Should Be Precluded**

As this Court recently affirmed in its order denying in the Rule 29 and Rule 33 motions of Robert Menendez, Wael Hana, and Fred Daibes, it would be improper for the defendant to be permitted to present evidence or argument concerning specific instances of gift-giving by Hana or Daibes to persons other than the defendant or Robert Menendez. (*See* Dkt. 654 at 71-74.) Among other things, this would include eliciting testimony or making argument regarding specific instances of gifts of goods or cash given allegedly given by Daibes or Hana to individuals, who are likely witnesses, such as Jamela Maali (an employee of Daibes), Meirna Hanna (an employee of Hana), or John Moldovan (an attorney for Hana's company).

Defense counsel has represented he has no "present intention" of offering such evidence or argument and doubts he would present this kind of evidence.

The Government previously briefed this issue. (*See* Dkt. 483 (June 25, 2024 letter) and Dkt. 611 (Sept. 18, 2024 Gov't Opp. to Post-Trial Motions) at 130-36.)

The Court ruled on this issue (*see* Dkt. 654 at 71-74; Trial Tr. ("Tr.") 5543:3-5546:4), precluding specific instances of gift-giving.

2. **Evidence or Argument Concerning Alleged Abuse by a Former Boyfriend of Nadine Menendez Should Be Precluded**

While, depending on the other evidence and arguments at trial, limited evidence related to the defendant's ex-boyfriend (the "Ex-Boyfriend") may be appropriate (accompanied, as warranted, by a limiting instruction), details or inflammatory descriptions of alleged physical or emotional abuse should be precluded pursuant to Rules 401, 403, and 802.

Defense counsel has represented that he does not anticipate offering such evidence or argument unless the Government opens the door (but has not explained what, in his view, would open the door).

The Government previously briefed this issue. (*See* Dkt. 488 (June 29, 2024 letter) at 2-6.)

The Court ruled on this issue (*see* Tr. 5537:16-5538:14, 5746:18-5747:12, & 5759:16-5760:14), allowing limited evidence that there was a physical safety concern (in order to provide

---

[2] Citations to prior briefing and Court rulings are not exhaustive.

context for the defendant's second phone and use of Find My Friends) and excluding any specific examples of abuse or otherwise inflammatory evidence.

### 3. Evidence or Argument Concerning the Motives or Reasons that Nadine Menendez Is Being Prosecuted Should Be Precluded

Robert Menendez made various claims prior to his trial about the charges allegedly being discriminatory or otherwise brought for improper or nefarious purposes, which the Government argued were meritless, and, in any event, not for the jury. So too here, the defendant should not be permitted to make such arguments or to offer purported evidence in support of such arguments.

Defense counsel has represented that he does not anticipate offering such evidence or argument unless the Government opens the door (but has not explained what, in his view, would open the door).

The Government previously briefed this issue. (*See* Dkt. 291 at 2-5.)

The Court did not substantively rule on this issue in advance of the May 2024 trial because the defendants did not oppose the Government's motion. (*See* May 6, 2024 Pretrial Conf. Tr. ("Pretrial Tr.") at 4 (dismissing as moot because the motion was uncontested).)

### 4. Evidence or Argument Concerning Robert Menendez's Prior Federal Criminal Prosecution Arising out of His 2015 Indictment in the District of New Jersey Should Be Precluded

Robert Menendez also made various claims prior to his trial in the Southern District of New York about the charges here being somehow a result of his not being convicted after trial in the District of New Jersey or about having suffered unfairly at the hands of the Department of Justice, which the Government again argued were meritless, and, in any event, not for the jury. So too here, the defendant should not be permitted to make such arguments or to offer purported evidence in support of such arguments.

Defense counsel has represented that he does not anticipate introducing such evidence or argument unless the Government opens the door (but has not explained what, in his view, would open the door).

The Government previously briefed this issue. (*See* Dkt. 291 at 9-11.)

The Court did not substantively rule on this issue in advance of the May 2024 trial because the defendants did not oppose the Government's motion. (*See* Pretrial Tr. at 8 (dismissing as moot because the motion was uncontested).)

5. **Evidence or Argument Concerning Whether the Government Has Complied with Its Discovery and Disclosure Obligations or Otherwise Treated Nadine Menendez Fairly or Unfairly Should Be Precluded**

Robert Menendez further made various claims prior to his trial about the Government's alleged failure to comply with discovery and disclosure rules, the Classified Information Procedures Act, or the alleged unfairness of the Government's actions or applicable procedures, which the Government again argued were meritless, and, in any event, not for the jury. So too here, the defendant should not be permitted to make such arguments or to offer purported evidence in support of such arguments.

Defense counsel has represented that he has "no present intention" of making such arguments, but as with all such representations, has not agreed to advise the Court or the Government, outside of the presence of the jury, if his intention changes.

The Government previously briefed this issue. (*See* Dkt. 291 at 11-14.)

The Court did not substantively rule on this issue in advance of the May 2024 trial because the defendants did not oppose the Government's motion, although the Court also noted that "I certainly wouldn't allow any such argument." (Pretrial Tr. at 8 (dismissing as moot because the motion was uncontested).)

6. **Evidence or Argument Concerning Whether Others Engaged in Similar Conduct, Absent a Connection to Nadine Menendez's Relevant Contemporaneous Knowledge or Intent, Should Be Precluded**

The defendant should be precluded from offering evidence or argument concerning whether or not other individuals engaged in conduct that was allegedly similar to that of her and her codefendants—such as evidence of other individuals working with or for the benefit of foreign governments—unless there is a sufficient connection to her relevant *contemporaneous* knowledge or intent.

Defense counsel has represented that he is not sure whether he will make such arguments, but believes it is unlikely, but as with all such representations, has not agreed to advise the Court or the Government, outside of the presence of the jury, if his view changes.

The Government previously briefed this issue. (*See* Dkt. 291 at 15-16.)

The Court heard argument on this issue at the final pretrial conference but deferred ruling until the facts were further developed at trial. (*See* Pretrial Tr. at 10-11, 12-13.)

7. **Evidence or Argument Concerning Nadine Menendez's Prior Commission of Good Acts or Lack of Prior Bad Acts Should Be Precluded**

The defendant should be precluded from offering evidence or argument, including in her opening statement, concerning any charity, philanthropy, civic or political activism, public service,

or any other specific instance of prior alleged good or public-oriented acts, or the lack of commission of other bad acts, or lack of criminal history.

Defense counsel has suggested that prior good acts might relate to knowledge or intent and that whether he makes such arguments depends on how the Government's case-in-chief develops, although has not provided specific examples of what type of prior good acts he may seek to introduce or what arguments he may make, and has not agreed to provide the Court or the Government with such information prior to presenting evidence or argument to the jury.

The Government previously briefed this issue. (*See* Dkt. 291 at 17-19.)

The Court ruled on this issue during the May 2024 trial allowing general firsthand testimony about Robert Menendez's involvement in constituent services but precluding specific examples of prior good acts such as "specific instances of advocacy under 404(b) in order to show that on other occasions, such as the Suarez nomination, he acted in conformity to that advocacy." (Tr. 5746.)

8. **Evidence or Argument Concerning Nadine Menendez's Medical Condition (Either Her Condition During Trial or at Any Other Time), or Her Family, Background, Age, Health, or Other Personal Characteristics, Should Be Precluded**

The defendant should be precluded from offering evidence or argument concerning her family, background, ancestry, health, age, or any other similar factors, absent a showing, outside of the presence of the jury, that such a factor bears on her guilt and is not precluded under Rule 403. This is particularly apt given the defendant's current medical condition, which post-dates and has no relevance to any of the charged conduct.

Defense counsel has suggested that, although he does not intend to appeal to juror sympathy, the defendant's medical condition (current or prior) could become relevant to her knowledge or intent, depending on the Government's case, but has not elaborated. He further stated that her family, background, age, and other personal characteristics may relate to her knowledge or intent, but has not elaborated. Again, he has not provided any information regarding what he may seek to introduce or what arguments he may make, and has not agreed to provide the Court or the Government with such information prior to presenting evidence or argument to the jury.

The Government previously briefed this issue. (*See* Dkt. 291 at 20.)

The Court ruled on this issue during the May 2024 trial (*see* Tr. 5745-5747), allowing limited evidence of background information from witnesses with firsthand knowledge but precluding details thereof and inflammatory testimony. (*See, e.g.*, Tr. 5745:23-25 ("Details of childhood poverty, sort of Angela's Ashes sorts of things or emotional trauma, are not being permitted under Rule 403.").)

### 9. The Defendant May Not Elicit Her Own Hearsay Statements, Whether Through Witness Examination or Exhibits

Although not raised in the earlier trial, the Government also seeks an order consistent with Fed. R. Evid. 801(d)(2) that the defendant may not elicit her own hearsay statements, whether through cross-examination, direct examination, or exhibits.[3]

"When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982); *see also, e.g.*, *United States v. Gonzalez*, 399 F. App'x 641, 645 (2d Cir. 2010) ("[The defendant's] self-serving exculpatory statement would be inadmissible hearsay."); *United States v. Rea*, 958 F.2d 1206, 1225 (2d Cir. 1992) (similar); *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1987) (per curiam) ("[D]efense counsel wished to place [the defendant's] statement . . . before the jury without subjecting [the defendant] to cross-examination, precisely what the hearsay rule forbids."); *United States v. Torres*, 435 F. Supp. 3d 526, 538 (S.D.N.Y. 2020) ("Finally, the Court agrees with the Government that, in the event evidence of his flight is admitted, Torres may not automatically admit his alternative explanation for his flight, insofar as he wishes to bring in his out-of-court statements to others on social media or to prison officials."); *United States v. Black*, No. 13 Cr. 316 (DLI), 2014 WL 5783067, at *1 (E.D.N.Y. Nov. 5, 2014) ("[S]elf-serving and exculpatory statements are admissible hearsay and may not be introduced by the defendant at trial.").

A defendant thus may not offer her own statement into evidence without subjecting herself to cross-examination. While the Government is able to introduce the defendant's statements as statements of an opposing party under Rule 801(d)(2)(A), the Federal Rules contain no parallel provision for the defendant. *See Marin*, 669 F.2d (defining as "not hearsay" a statement "offered against an opposing party" and "made by the party"). If the defendant wishes to place her own statements before the jury, she must testify so the Government may cross-examine her. *See United States v. Yousef*, 327 F.3d 56, 153 (2d Cir. 2003) (holding that defendant "could have testified to everything asserted in his statement, [but] he could not offer the document itself for the truth of the matter asserted"), *overruled on other grounds by Montejo v. Louisiana*, 556 U.S. 778 (2009).

Nor, except in extremely limited circumstances, may a defendant introduce her own out-of-court statements as evidence of her state of mind. To be admissible on that extremely limited basis, the statement must be relevant to a relevant and then-existing state of mind or intent—and, even then, Rule 803(3) permits only the limited admission of statements of future intent, not those concerning past intent and/or past motive. "There would be an end, or nearly that, to the rule against hearsay if the distinction [between past and future intent] were ignored." *Shepard v. United States*, 290 U.S. 96, 105-06 (1933); *see also, e.g.*, *United States v. Cardician*, 951 F.2d 474, 487 (2d Cir. 1991) ("The exclusion of 'statement[s] of memory or belief [proffered] to prove the fact remembered or believed' is necessary to prevent the exception from swallowing the hearsay rule. This would be the result of allowing one's state of mind, proved by a hearsay statement, to provide an inference of the happening of an event that produced the state of mind." (alterations in

---

[3] The Government sought defense counsel's position on this motion *in limine* on December 19, 2024, but as of the time of this filing has not received any response.

Honorable Sidney H. Stein
December 20, 2024
Page 7

original)); *cf. United States v. Cianci*, 378 F.3d 71, 106 (1st Cir. 2004) (affirming preclusion of statements offered for state of mind where they were "to a large extent 'self-serving' attempts to cover tracks already made").

Finally, even where a declarant's out-of-court statement is not otherwise inadmissible hearsay, it "must meet the requirements of, *inter alia*, relevance, and it must not be excludable on the grounds of undue confusion or prejudice under Rule 403." *United States v. Gupta*, 747 F. 3d 111, 139 (2d Cir. 2013).

To the extent the defendant believes her own statements are not hearsay and are admissible for a different and proper purpose, the Government requests that the Court order her to raise such issues in advance so jury time is not wasted.

## Arguments That the Defendant Has Agreed Not To Make

The Government also notes that defense counsel has represented without qualification that he will not raise the following issues, and therefore the Government does not seek any ruling on these issues (although, should that intention change, the Government requests the same notice as requested for the above):

- Evidence or argument claiming that the prosecution is novel.
- Evidence or argument referring to a possible sentence or punishment Nadine Menendez has faced or may face, or suggesting that the conduct should have been handled other than through a criminal prosecution.
- Evidence or argument concerning whether the Government has brought unrelated cases, successfully or unsuccessfully.
- Evidence or argument concerning whether the charges against Nadine Menendez are unconstitutionally vague.
- Evidence or argument concerning whether the charged acts were good for the public or should have been undertaken, absent a connection to Nadine Menendez's relevant contemporaneous knowledge or intent.

Respectfully submitted,

DANIEL M. GITNER
Attorney for the United States Acting Under
Authority Conferred by 28 U.S.C. § 515

By:   s/ Catherine Ghosh
      Daniel C. Richenthal
      Paul M. Monteleoni
      Lara Pomerantz
      Catherine Ghosh
      Assistant United States Attorneys
      (212) 637-2109/2219/2343/1114

cc:   Counsel of Record (by ECF)