UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                          :   (S4) 23-Cr-490 (SHS)
UNITED STATES OF AMERICA                  :
                                          :
          -v-                             :   DEFENDANT NADINE
                                          :   MENENDEZ'S RESPONSE
ROBERT MENENDEZ, NADINE MENENDEZ,         :   TO UNITED STATES'
WALE HANA, AND FRED DAIBES,               :   MOTION IN LIMINE
                                          :
          Defendants.                     :
                                          :
-------------------------------------------------------------x
```

Defendant Nadine Menendez, through counsel, respectfully submits this response to the Government's Motion *In Limine,* filed by letter motion on December 20, 2024 (Dkt. No. 663).

## **Introduction**

Certain aspects of the government's motion *in limine* ("MIL") are innocuous. I have indicated in our extended email correspondence with the government a desire to be reasonable, to negotiate, and to compromise on evidentiary issues when reasonably possible, and we have done so. In multiple instances the government has demanded a promise from us that we will not seek to do any of a long list of things, about which the government indicates concern, without clearing them in advance. I have expressed my own concern that, in the midst of trial, I might fail to remember one of this long list of items when, *e.g.,* cross-examining a witness. This is not "game-playing" on my part. Rather, it is a candid expression of my own limitations. With respect to items that are questionable or off-limits, it certainly would be my intention to clear them in advance, as a matter of normal trial practice, as is expected of any trial practitioner.

This said, from my perspective at least, the defense presentation of evidence, opening statements and argument in the first trial, against Mr. Menendez and his two co-defendants, were

met with an extraordinarily large number of government objections. A trial is intended to be a level playing-field in which no side enjoys a *per se* advantage over the other. It is critical that the jury not receive a message, even an oblique or inferential one, that either side's evidence merits particular suspicion compared to that of the other.

Other aspects of the government's MIL are troubling. In particular, the goverment apparently seeks an order *precluding the defense from eliciting testimony about character, reputation or any of Ms. Menendez' other "personal characteristics."* And the government is seeking this order in a case in which every single charged offense is a specific intent offense, thus relating directly to what was in Ms. Menendez' mind at relevant times. The government might as well seek an order precluding us from delivering an opening statement or closing argument, presenting a defense, or appearing at trial. This kind of evidence has, to the extent we have been able to determine it, never been excluded from any criminal case in this District, nor in any other federal jurisdiction of which we are aware. It is expressly authorized by the Federal Rules of Evidence. Its exclusion here would negate any conviction the government is able to obtain in this case, and, frankly, seeking such an order, in our view, is fundamentally improper. This issue is the central focus of this Response.

For easy reference, we set forth each of the government's sub-headings below, verbatim, and then respond.

> **The Government Contends: 1. Evidence or Argument Concerning Specific Instances of Gift-Giving by Wael Hana or Fred Daibes, or Anyone Else, to Persons Other Than Nadine Menendez or Robert Menendez Should Be Precluded.**

We agree that prior instances of gift-giving by Wael Hana or Fred Daibes (we are not understanding the allusion to "anyone else" in this context) to other persons, *to the extent either of the Menendezes was contemporaneously unaware of it,* would -- to the extent we can predict it

now -- not be relevant to the charges in this case. However, if either Nadine or Robert Menendez had been aware of such prior gift-giving, it would have informed their understanding of the nature and significance of gifts given in this case, and therefore would bear on Ms. Menendez' relevant state of mind -- *i.e.,* whether she harbored the requisite knowledge and specific intent required for her conviction. Accordingly, if there is evidence that Ms. Menendez or her husband had contempraneous knowledge of such prior gift-giving, we submit that such evidence would be relevant and admissible.

### The Government Contends: 2. Evidence or Argument Concerning Alleged Abuse by a Former Boyfriend of Nadine Menendez Should Be Precluded

The government appears inalterably convinced that Ms. Menendez' case is substantively indefensible, and thus the only thing undersigned counsel must be planning is a play for sympathy and nullification. I have stated repeatedly to the government that I have no such intention, but these assurances appear to have had no effect. In particular, the government appears to ascribe an intention to the defense to seek to elicit evidence that Ms. Menendez was in a prior abusive romantic relationship and rely on such evidence to contend that, because she suffered in this relationship, the jury should feel sorry for her and she should be acquitted in this case.

We of course agree that any such play for jury nullification would be patently impermissible. However, it is our understanding that the government intends to elicit evidence concerning Ms. Menendez' efforts to protect herself from her abuser, and to re-characterize this conduct as evincing consciousness of guilt in this case. In fact, such evidence would demonstrate that such efforts -- *e.g.,* her use of a "flip phone" and the "Find My Friends" software application -- were undertaken to protect herself from the above-referenced abusive boyfriend. This of course will be a matter of evidence that the Court will evaluate at the time of

trial, but to the extent the government's motion constitutes an attempt to allow itself to elicit such alleged evidence of consciousness of guilt, while precluding us from eliciting evidence of the actual reasons for such conduct, our submission is that this contention should be rejected. The government indicates concern that Ms. Menendez' history of abuse would be "inflammatory." It would be improper to seek to inflame the jury's sympathy for purposes of nullification, but depending upon how the government characterizes Ms. Menendez' use of her second telephone and the Find My Friends application, information about the nature of the abuse may well become relevant in order to explain her conduct.

> **The government Contends:  3. Evidence or Argument Concerning the Motives or Reasons that Nadine Menendez Is Being Prosecuted Should Be Precluded.**

We confess that we may not be completely following the government's point here. A criminal case turns on whether the government has proven all required elements of the charged offenses beyond a reasonable doubt. If the government harbors an improper motive for bringing a prosecution, *e.g.,* racial or personal animus, that is an issue for the Court, according to our understanding. We are aware of nothing like that in this case. However, if there is evidence that a *witness* harbors an improper bias, then that is a legitimate area of cross-examination. We are not focused at this time on any such bias on the part of any witness, but we do not believe that the government legitimately can exclude cross-examination based on bias *in limine,* should such evidence emerge.

> **The Goverrnment Contends:  4. Evidence or Argument Concerning Robert Menendez's Prior Federal Criminal Prosecution Arising out of His 2015 Indictment in the District of New Jersey Should Be Precluded.**

 Again, absent possible witness bias, evidence of an unrelated prosecution of the Defendant's husband would be inadmissible in this case. However, were there evidence of bias

-- for example, on the part of an investigating witness who was involved in both cases -- then it could be relevant on cross-examination. At this time we are unaware of any such evidence.

> **The Government Contends: 5. Evidence or Argument Concerning Whether the Government Has Complied with Its Discovery and Disclosure Obligations or Otherwise Treated Nadine Menendez Fairly or Unfairly Should Be Precluded.**

With respect to the government's compliance with its discovery obligations, our understanding is that this is an issue for the Court, other than in the extreme and unusual situation where a sanction is imposed on the government that results in an adverse instruction to the jury. Of course, nothing like that is anticipated in this case. We are a bit concerned about the breadth of the phraseology employed by the government here, posing the question as whether the government has "treated Nadine Menendez fairly or unfairly." There are contexts, again, where evidence of, *e.g.,* an investigating agent's "unfair" conduct, might fall within the ambit of bias. Again, we have no such evidence in mind in this case, but our submission is that a broad order should not issue precluding the use of such evidence if it exists.

> **The Government Contends: 6. Evidence or Argument Concerning Whether Others Engaged in Similar Conduct, Absent a Connection to Nadine Menendez's Relevant Contemporaneous Knowledge or Intent, Should Be Precluded.**

We agree with this proposition, as stated by the government. If such evidence bears on Ms. Menendez' relevant knowledge or intent, it would be admissible.

> **The Government Contends: 7. Evidence or Argument Concerning Nadine Menendez's Prior Commission of Good Acts or Lack of Prior Bad Acts Should Be Precluded.**

Here we have a fundamental disagreement with the government, as set forth above in our Introduction. Our submission is that this issue should be considered together with the government's Item Number 8, set forth below. Both are addressed below.

### The Government Contends:  8. Evidence or Argument Concerning Nadine Menendez's Medical Condition (Either Her Condition During Trial or at Any Other Time), or Her Family, Background, Age, Health, or Other Personal Characteristics, Should Be Precluded.

This case turns largely on the sufficiency of the government's proof of specific intent, as described in the government's jury charge as to each charged offense.  It is well-established that, in the context of such charges, evidence of a defendant's "personal characteristics" is relevant and admissible, within the limits prescribed by the Federal Rules of Evidence.  We are aware of no case authority to the contrary.  The government proffers none.  The admissibility of *specific acts* is a more complicated question, which we address below.

The government apparently concedes that the Federal Rules of Evidence are dispositive of this issue.  *See* MIL at 5 (referencing F.R.E. 404(b)).  The Federal Rules of Evidence specifically and unambiguously allow a defendant to introduce evidence of personal characteristics relevant to the crimes charged, via witness testimony concerning opinion and reputation.  F.R.E. 404 and 405.  The government makes no attempt to explain how its unambiguous, flat contention that all evidence concerning Ms. Menendez' "[p]ersonal [c]haracteristics . . . should be precluded" possibly could be reconciled with the dictates of F.R.E. 404 and 405.  *See, e.g., United States v. Rossy,* No. 22-CR-550-02 (NSR), 2023 U.S. Dist. LEXIS 207432, *17-18 (S.D.N.Y. November 20, 2023) ("the Defendant is permitted to offer evidence as to her character for truthfulness"); *United States v. Krug,* No. 1:15-CR-00157 RJA, 2019 U.S. Dist. LEXIS 13258, *19 (W.D.N.Y. January 28, 2019) ("[w]hen evidence of a person's character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion") (quoting F.R.E. 405(a)).  Personal characteristics about which admissible testimony frequently is elicited in contexts like ours include a defendant's character for truthfulness, but other character traits also may relate to the charges in this case.

With respect to specific instances of conduct in conformity with a character trait, such evidence typically is precluded except as permitted under the rubric of F.R.E. 404 and 405.

> **The Government Contends:  9. The Defendant May Not Elicit Her Own Hearsay Statements, Whether Through Witness Examination or Exhibits.**

The title of this section of the government's brief is substantially different from the argument that follows it, which correctly notes that there are exceptions to the general rule that a defendant may not elicit her or his own hearsay statements.  These principles are well-developed in the caselaw and we are bound by them.

> **The Government Contends:  Arguments That the Defendant Has Agreed Not To Make[:]**
> **The Government also notes that defense counsel has represented without qualification that he will not raise the following issues, and therefore the Government does not seek any ruling on these issues (although, should that intention change, the Government requests the same notice as requested for the above):**
> **• Evidence or argument claiming that the prosecution is novel.**

This argument is largely duplicative of the government's prior contentions concerning, *inter alia,* its motive for initiating this prosecution.  At this moment we cannot conceive of a basis for seeking to elicit evidence that this prosecution is allegedly "novel."

> **• Evidence or argument referring to a possible sentence or punishment Nadine Menendez has faced or may face, or suggesting that the conduct should have been handled other than through a criminal prosecution.**

There is a specific jury instruction, administered in every federal and state criminal case of which we are aware, concerning the inadmissibility of evidence of possible sentence or other punishment.  We agree that an argument that Ms. Menendez' conduct should have been addressed in a manner other than a criminal prosecution would not be permitted.

> **• Evidence or argument concerning whether the Government has brought unrelated cases, successfully or unsuccessfully.**

We agree that this proposition has nothing to do with the merits of this case and should not be alluded to by either party.

> **• Evidence or argument concerning whether the charges against Nadine Menendez are unconstitutionally vague.**

Unconstitutional vagueness is an issue for the Court, not the jury.

> **• Evidence or argument concerning whether the charged acts were good for the public or should have been undertaken, absent a connection to Nadine Menendez's relevant contemporaneous knowledge or intent.**

Given the caveat in the above formulation concerning knowledge or intent, we agree with it.

Respectfully submitted,

/s/ Barry Coburn
_____
Barry Coburn, NYS Bar No. 5221338
Coburn & Greenbaum PLLC
1710 Rhode Island Avenue, N.W.
Second Floor
Washington, DC  20036
Tel:  202-643-9472
Fax:  1-866-561-9712
barry@coburngreenbaum.com

Certificate of Service

I hereby certify that on January 3, 2025, this response will be served on all counsel of record via this Court's electronic filing system.

/s/ Barry Coburn
_____