

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 3, 2025

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Nadine Menendez*,
              S4 23 Cr. 490 (SHS)

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter regarding *voir dire*. The Government has no objection to the Court examining prospective jurors in the February 2025 trial of defendant Nadine Menendez in the same manner that the Court proceeded at the trial of Nadine Menendez's co-defendants, Robert Menendez, Wael Hana, and Fred Daibes (the "May 2024 trial"). As the Court did at the May 2024 trial, the Government requests that the Court pursue more detailed questioning if a particular prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry into whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case. To the extent that any further inquiry in response to a juror's answer to any of the questions asked is likely to lead to personal or sensitive information or information that may risk influencing the jury pool in favor of or against either the Government or the defendant, the Court is requested to conduct any such further inquiry in the robing room or at side bar.

      In addition, the Government requests, based on present information, that the Court inform prospective jurors that the trial may last approximately 8 to 9 weeks. That is the Government's current best estimate regarding the length of trial, taking into account the length of the May 2024 trial, the charges against the defendant, the Government's effort to streamline its case-in-chief in this trial, and the defendant's representation that she is contemplating "a significant affirmative defense case." (Dkt. 638 at 3.) While the Government presently estimates that its case-in-chief will be approximately 7 weeks—should stipulations comparable to those reached in the May 2024

Honorable Sidney H. Stein
January 3, 2025
Page 2

trial be reached for this trial—no stipulations have yet been signed. In an effort to facilitate stipulations, the Government sent draft stipulations significantly farther in advance of trial than it did for the May 2024 trial, and also sent hundreds of exhibits referenced by certain of the stipulations in advance of the agreed-on deadline for the production of Government Exhibits.[1] At this time, the defendant has not agreed to sign any of the draft stipulations, although she indicated a general intention to consider stipulations, and the parties continue to confer. The Government will provide the Court an update on the estimated length of trial at the final pretrial conference.

The Government submits for the Court's consideration the following statement of the case to be provided to prospective jurors in connection with jury selection, which largely mirrors the statement of the case provided to prospective jurors at the May 2024 trial (*see* May 13, 2024 Tr. at 6-8, 142-43):[2]

> From approximately 2018 through 2023, defendant Nadine Menendez, formerly Nadine Arslanian, was the girlfriend, fiancée, and then wife of Robert Menendez, then a U.S. Senator from the State of New Jersey. The Indictment in this case alleges that during that time period, Nadine Menendez and Robert Menendez engaged in a corrupt relationship with Wael Hana, a/k/a "Will Hana," an Egyptian-American businessman, and Fred Daibes, a New Jersey real estate developer, in which Nadine Menendez and Robert Menendez agreed to accept bribes and accepted bribes. The Indictment alleges that Hana and Daibes agreed to provide and did provide a number of bribes to Robert Menendez and for Robert Menendez's benefit, including giving bribes to and through Nadine

---

[1] In order to prompt discussions and give the defendant a preview of the expected stipulations, the Government sent defense counsel copies of the signed stipulations from the May 2024 trial—which are nearly identical to the vast majority of the Government's proposed stipulations in this trial—on November 22, 2024. Subsequently, between December 18 and December 27, 2024, the Government sent seven high-priority proposed stipulations that would obviate the need for numerous witnesses (such as foreign language experts and Federal Bureau of Investigation personnel involved in the extraction of electronic data), and—in advance of the exhibit disclosure deadline—the hundreds of exhibits referenced in those stipulations. The Government then, on December 29, 2024, sent a number of additional proposed stipulations, amounting to all of the stipulations it presently intends to propose for its case-in-chief (although the Government will of course continue to identify additional areas that may be amenable to stipulation in order to further streamline the presentation of evidence).

[2] In an effort to streamline its presentation of the evidence against Nadine Menendez, the Government does not presently intend to present evidence relating solely to Qatar in its case-in-chief, but reserves the right to do so, either in its case-in-chief or in rebuttal, in response to developments at trial, including the defendant's opening statement. In any event, the Government does not consider it necessary for the statement of the case to be provided to prospective jurors for the purposes of *voir dire* to reference Qatar.

Menendez, in exchange for Robert Menendez promising to perform and performing official acts.

The Indictment alleges that in exchange for things of value, Nadine Menendez and Robert Menendez agreed and promised that Robert Menendez would perform official acts, including the following: first, helping the Government of Egypt to obtain arms sales and other military assistance from the United States government and taking actions to protect a business monopoly granted by the Government of Egypt to Hana to run the only entity authorized by Egypt to certify beef for importation into Egypt; second, seeking to interfere in a criminal investigation and prosecution conducted by the New Jersey Attorney General's Office; and third, seeking to interfere in a criminal prosecution of Daibes conducted by the U.S. Attorney's Office for the District of New Jersey.

The Indictment also alleges that Nadine Menendez, Robert Menendez, and Hana agreed that Robert Menendez would act as an agent of the Government of Egypt. The Indictment also alleges that Nadine Menendez, Robert Menendez, and Daibes conspired, that is, they agreed, to obstruct justice by agreeing to corruptly interfere in the District of New Jersey's prosecution of Daibes. In addition, the Indictment alleges that Nadine Menendez and Robert Menendez agreed to and attempted to obstruct a federal investigation into their conduct, including by causing others to provide false information to the grand jury.

Respectfully submitted,

DANIEL M. GITNER
Attorney for the United States
Acting Under Authority Conferred by
28 U.S.C. § 515

By:   s/ Lara Pomerantz
      Paul M. Monteleoni
      Lara Pomerantz
      Daniel C. Richenthal
      Catherine Ghosh
      Assistant United States Attorneys
      (212) 637-2219/2343/2109/1114

cc:   (by ECF)

      Counsel of Record