

Barry Coburn
Admitted DC, MD, VA, NY
202-643-9472
barry@coburngreenbaum.com

January 7, 2025

VIA ECF
The Honorable Sidney H. Stein
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, NY  10007

    Re:    United States v. Nadine Menendez, (S4) 23-cr-490 (SHS)

Dear Judge Stein:

    We represent Defendant Nadine Menendez.  I am writing to Your Honor, and attaching some additional material for the Court's consideration, in order to move that the Court reconsider our trial date of February 5, 2025.  I write this letter reluctantly.  I know that Your Honor is addressing issues relating to a number of defendants at different procedural stages of their prosecutions, and balancing a number of factors, including the well-established rights of the government and the public to an expeditious resolution of criminal cases.  I am grateful to the Court for scheduling the upcoming proceedings so that Robert Menendez and the codefendants with whom he went to trial will not be sentenced during our client's trial.  However, our submission is that the current schedule -- pursuant to which Mr. Menendez and his codefendants will be sentenced one week before we commence *voir dire* -- likely will substantially exacerbate the difficulty of selecting an impartial jury, to the point where doing so likely will not be possible.  This is because the inevitably intense publicity accompanying the sentencing of a former United States Senator would be so widely disseminated, and so inflammatory to prospective jurors, so that selecting a jury for the trial of his wife and alleged co-conspirator that would not be influenced by it likely would not be possible.

    In support of this view, I attach here a declaration from an experienced jury consultant.  Additionally, in further support of this request, I will submit, today, under seal, another letter relating to our client's medical condition.  Based on both of these letters, our request is that the Court adjourn Ms. Menendez' trial for two to three months.

      I thank the Court for its consideration of this request. In addition, I thought I should note that at the parties' last status conference, which was a telephonic conference on December 20, 2024, the Court discussed setting another pretrial conference prior to our trial date. If the Court is still amenable to scheduling such a conference, I think it would be of value to both parties. In particular, we are in the midst of an extensive series of email exchanges and conferences with the government concerning its request for a large number of stipulations. I can sense the government becoming concerned about how these conversations are going, and I am concerned too, though for different reasons. I think, if the Court is amenable to it, that there would be value in a colloquy with the Court, in advance of trial, concerning these issues.

Respectfully submitted,

*[signature]*

Barry Coburn

DECLARATION OF DR. JO-ELLAN DIMITRIUS

I, Dr. Jo-Ellan Dimitrius, declare as follows:

1. **Professional Background**

   I am a jury consultant with over forty years of experience in the field of jury research and trial strategy. I hold a Ph.D. from Claremont Graduate School, and my expertise lies in understanding juror psychology, jury dynamics, and the factors that influence juror decision-making. I have provided consultation services in high-profile cases across the United States, offering insights into juror selection, trial strategy, and witness preparation. My work has been instrumental in identifying and mitigating potential biases that could affect the fairness of legal proceedings.

2. **Purpose of Declaration**

   I have been asked to provide my professional opinion regarding the potential biases that could impact the impartiality of jurors during the selection process for the trial involving Nadine Menendez, scheduled to begin on February 5, particularly in relation to the involvement of Senator Robert Menendez's wife as a co-defendant.

3. **Context of Concern**

   Senator Robert Menendez, the spouse of one of the defendants in this case, is slated to be sentenced on January 29, alongside two co-conspirators. This proximity in timing between the sentencing and jury selection raises concerns about the psychological impact of recent high-profile events on potential jurors.

4. **Psychological Phenomena: Primacy-Recency Effect**

   The psychological concept of "Primacy-Recency" highlights that individuals are disproportionately influenced by information they encounter either early (primacy) or late (recency) in a sequence of events. In the context of jury selection, the sentencing of Senator Menendez and his co-conspirators on January 29 is likely to be widely covered by media outlets, creating a salient and recent impression in the minds of potential jurors just days before jury selection begins.

   The importance of primacy-recency was researched and reported in an article by Kristi A Costabile and Stanley B. Klein (Costabile, K. A., & Klein, S. B. (2005). Finishing Strong: Recency Effects in Juror Judgments. *Basic and Applied Social Psychology*, 27(1),

47–58. https://doi.org/10.1207/s15324834basp2701_5). According to the study, information presented most recently before a judgment is disproportionately impactful due to its accessibility in memory at the time of decision-making. Jurors exposed to news and discussions surrounding the Senator's sentencing may subconsciously associate these events with his wife's trial, potentially impairing their ability to evaluate her case solely on the presented evidence. This impact on juror decision-making has significant relevance to Senator Menendez's sentencing on January 29 and his wife's jury selection beginning on February 5. The proximity of these two events raises concerns about the potential bias in juror perceptions due to the recency of media coverage and public attention on the Senator's sentencing

This overlap could amplify biases against her, as jurors' memory of the sentencing and its associated narratives might linger and influence their judgments. Such recency-driven bias may skew juror impartiality, emphasizing the importance of strategies like thorough voir dire, limiting media exposure for jurors, or even postponing jury selection to allow time for public focus on the sentencing to diminish. This would help ensure that potential jurors are less influenced by the psychological recency effect when deliberating on the evidence in her case.

5. **Potential Impact on Juror Impartiality**

The temporal proximity of the sentencing to the jury selection introduces a heightened risk of bias against the defendant, Senator Menendez's wife. Jurors exposed to pervasive media coverage may struggle to compartmentalize their awareness of the Senator's sentencing and focus solely on the evidence presented in the current case. This situation underscores the importance of thorough voir dire to assess and mitigate potential biases stemming from these psychological effects.

6. **Recommendations**

In light of these concerns, I recommend implementing the following measures to ensure a fair and impartial jury:

- Postponing the trial to a later date to allow time for public and media sentencing of Senator Menendez and his co-conspirators to diminish, thereby dulling the potential biases that could influence jurors.

- Conducting an in-depth voir dire to identify potential jurors with preconceived notions about the defendants or the case due to media exposure.

- Providing jurors with clear instructions emphasizing the importance of basing their decisions solely on the evidence presented during the trial.

- Considering a change of venue or additional jury selection procedures if it is determined that an impartial jury cannot be seated in the current jurisdiction.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 4th day of January, 2025, at Scottsdale, AZ.

*Jo-Ellan Dimitrius, Ph.D.*

Jo-Ellan Dimitrius, Ph.D.
Dimitrius & Associates LLC
7702 E. Doubletree Ranch Road
Suite 300
Scottsdale, AZ 85258