

Barry Coburn
Admitted DC, MD, VA, NY
202-643-9472
barry@coburngreenbaum.com

January 14, 2025

VIA ECF
The Honorable Sidney H. Stein
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, NY  10007

Re:     United States v. Nadine Menendez, (S4) 23-cr-490 (SHS)/UNDER SEAL

Dear Judge Stein:

We represent Defendant Nadine Menendez.  I write in response to the government's letter to the Court of yesterday, January 13, 2025, relating to its estimate of the length of trial, and the related issue of stipulations.

It was clear to me that the government was going to seek to involve the Court in the issue of stipulations between counsel, which is why I sought to alert the Court to it in my letter to the Court of January 7, 2025, inquiring whether the Court thought a second pretrial conference was advisable.  I recognize that the projected length of trial is a sensitive issue for the Court and the parties, very much including myself.

It appears that the government's earlier estimates of the length of trial were predicated upon its belief that I would agree to sign a large number of stipulations it had prepared concerning the government's evidence in this case.  These stipulations have been the subject of numerous exchanges between counsel, via both email and zoom, over at least the last month.  I confess that I have never seen stipulations in any case, criminal or civil, like the ones the government has prepared and proffered to me.  There appear to be approximately thirty of them.  Some are short and some are exceptionally lengthy.  One, which the government has marked as its Exhibit 1435, is approximately thirty pages long.

In considering proposed stipulations in a criminal case, I start from the proposition that my client has no obligation to come forward with any evidence.  That includes stipulated evidence.  I am not nearly as sanguine as the government about the innocuous nature of evidence relating to technical issues like chain of custody and authentication in the criminal

context, but the government's proposed stipulations go far beyond such technical issues, in my view. I am obliged, constitutionally and otherwise, to provide Ms. Menendez with a defense that is both careful and zealous, consistent with my ethical obligations to this Court. She is looking at the likelihood of a truly life-changing, awful ultimate outcome if convicted. At the same time the government seeks my signature on these stipulations, it seeks a sentence for Ms. Menendez' husband and alleged co-conspirator of at least fifteen years of incarceration.

      I have spent an enormous amount of time with the government's proposed stipulations -- reviewing them and discussing them with the government -- at the expense of other critical aspects of trial preparation. I am required to depend on my own best judgment in such issues, no matter the level of withering criticism directed at me by my opposing counsel, and that is what I am seeking to do. I am a former federal prosecutor myself. I remember, to this day, training provided to me when I was a young assistant United States attorney relating to stipulations. As the government correctly notes, I have assured it that I am keeping an open mind about this issue. I do not mean to draw any sharp lines. I have stipulated to facts in criminal cases before and hope to be able to do so in this case, but at this time, without getting any further into the particulars of the stipulations sought by the government, I simply cannot reconcile agreeing to the stipulations that have been proposed thus far, at least the ones that the government has "prioritized," with the obligations that I owe to Ms. Menendez. I intend no provocation to anyone by proceeding in this way and I regret that it may result in elongating the trial beyond the time estimates previously provided by the government.

Respectfully submitted,

*/s/ Barry Coburn*

Barry Coburn