

Barry Coburn
Admitted DC, MD, VA, NY
202-643-9472
barry@coburngreenbaum.com

February 14, 2025

VIA ECF
The Honorable Sidney H. Stein
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, NY  10007

     Re:    <u>United States v. Nadine Menendez, (S4) 23-cr-490 (SHS)</u>

Dear Judge Stein:

     We represent Defendant Nadine Menendez.  I write in response to the government's letters to the Court of February 7 and 13, 2025, relating to the government's view that a large number of exhibits it has designated should be deemed authenticated by the Court pursuant to F.R.E 902, and/or deemed to be admissible before trial through the doctrine of judicial notice.

     I begin by noting that I do not object to the government's use of its letter of February 7 not just to reply concerning its pending motion in limine concerning self-authenticating documents, but also to make new arguments for the authentication of additional documents and for the admission of documents through judicial notice.  Nor do I object to the government's submission of what appears to be a second reply in support of its pending motion in limine, via its letter of February 13.  Further we note that we already have stated our position concerning an enormous number of documents that the government anticipates using during its examination of several FBI agents early in its case-in-chief, and have indicated that we will have no objection to the vast majority of them.

     The problem, as I noted in my earlier opposition to the government's pending motion in limine, is that the government's attempt to use these methodologies pretrial, in connection with a vast array of documents, creates some significant legal issues.  There are a series of criteria to be painstakingly applied, exhibit by exhibit, in the context of Rule 902, and it is asking a great deal of the Court to apply them before trial to such a large number of documents, with no evidentiary context.  We respectfully object to that procedure.  In particular, we previously have noted an objection concerning the documents proffered by the government that were produced by the FBI.  Without wasting the Court's time by repeating

what is said about this in our opposition, we do not agree with the government's suggestion that the application of the Confrontation Clause in this context is "meritless," in the face of the cases we have cited in our opposition, which expressly are to the contrary. Regardless, the government now has asked the Court to withhold ruling on the documents generated by the FBI (Government's Letter of February 7, 2025 at 3), and we do not object to this request.

      With respect to certain areas of judicial notice sought by the government, concerning, *e.g.,* the admission of official documents such as the Daibes indictment in New Jersey, we will have no objection, though we would have appreciated the government at least mentioning this issue to us before raising it with the Court. Our lack of objection is of course conditioned on the administering of a contemporaneous instruction that such documents are not admitted for the truth of the matters asserted in them, to which, we take it, the government does not object. Similarly, with respect to documents generated by the internet "Wayback Machine," we take it that the government proffers them, not for the matters asserted but for some other evidentiary purpose, about which it has not yet offered a specific predicate. If these Wayback Machine documents are admissible for an as-yet-undisclosed evidentiary purpose aside from the truth of the matters asserted in them, then we do not anticipate objecting to them, though our submission is that the government is required to proffer any such purpose with specificity for each such document, and each document's admission should be accompanied by the same contemporaneous limiting instruction referenced above. This is consistent with the Wayback Machine-related cases string-cited by the government at page 6 of its letter to the Court of February 7, 2025.

Respectfully submitted,

Barry Coburn