

Barry Coburn<br>
Admitted DC, MD, VA, NY<br>
202-643-9472<br>
barry@coburngreenbaum.com

February 25, 2025

<u>VIA ECF</u>
The Honorable Sidney H. Stein
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, NY  10007

  Re: <u>United States v. Nadine Menendez, (S4) 23-cr-490 (SHS)/UNDER SEAL</u>

Dear Judge Stein:

 We represent Defendant Nadine Menendez.  I am writing to Your Honor in response to the letter sent to the Court by the government at approximately 10:00pm last night, and in anticipation of our status conference this Thursday, February 27, 2025.

 It is my objective to maintain a collegial relationship with our opposing counsel in this case throughout the pendency of the matter, and I believe the parties have had occasional success in this regard.  It is true, however -- as noted in the opposition we filed yesterday to the government's Supplemental Motions In Limine -- that I believe there is a pattern of overreaching in the government's approach, and I am concerned about it.  In particular, with respect to the letter the government sent the Court last night, my perception is that the Court has worked hard to encourage the parties to seek to conciliate relatively non-substantive issues such as document authentication, including at our recent pretrial conference on February 19, 2025.  I am grateful to the Court for these efforts and I have worked hard to participate in them.  I fully recognize that the government is exercised about my decision to decline to enter into a large number of stipulations that the government has prepared.  The government has repeatedly, including in the letter it just sent the Court, indicated, quite aggressively, its view that there is some impropriety in my declination to sign its proposed stipulations.  I am really troubled by this aspect of the governnment's approach, and respectfully object to it.  The Court, according to my perception, is well-aware of this disagreement between the parties and, at the February 19 pretrial conference, sought to streamline the upcoming trial through its colloquy concerning, *inter alia,* my willingness to state on the record that I will not object to the authenticity of a large number of government exhibits.  That, combined with our earlier provision, pursuant to Court Order, of our

statement of non-objection to a large number of exhibits to be introduced through three FBI investigators, are -- in my view -- substantial concessions on our part and should help to move the trial along and ensure that it is focused on substantive issues that matter. I maintain these concessions, even though the government has demanded that I agree that they extend to a waiver of any post-conviction challenge, which might be made in the future by other counsel, to any conviction.

      The government however, is still dissatisfied, and, as of last night, still manifests on the record its dissatisfaction with this arrangement, for reasons I am having difficulty understanding. I am not understanding the government's belief that my willingness to state, unambiguously, "no objection" with respect to the authentication of a large number of exhibits the government believes are self-authenticating, and our provision of a list -- *in response to the government's motion, per its request* -- of a long list of documents as to which we will not object to *admissibility* -- is somehow insufficient for the government to move forward. That is precisely what I believe the parties agreed I would do, following the February 19 hearing, and I have done it. I recall no objection being made to it on February 19. As a matter of substance, proceeding in this manner is no different from the government proffering an exhibit at trial, and my saying "no objection," on the record. Now, apparently, doing so is not enough for the government. I have tried a good number of cases, and I have never witnessed, after a defense lawyer stating "no objection" to an exhibit on the record in open court, the government demanding that the lawyer also sign a stipulation with respect to the appellate or post-conviction implications of that position. I am not contending that my non-objection to exhibits, either in substance or as to authentication, will not have appellate implications. It may well have appellate implications. I will not, however, execute an additional stipulation to that effect, and I am aware of no requirement that I do so. I have never previously done so in more than forty years of criminal practice.

      The Court knows my views about the stipulations the government continues to demand and so I will not belabor the issue by repeating them here. They are, however, strongly held views and I believe I have an ethical obligation to maintain them in this case. The government is free to disagree, but I do not believe it has, nor should it assert as a matter of due process, a prerogative to make decisions like this for the defense, based on what it believes other lawyers have done or might do.

      Finally, I wondered if Your Honor would allow me to waive Ms. Menendez's presence at this Thursday's status conference. Each appearance entails a significant amount of travel for Ms. Menendez from New Jersey to New York and back again, and given the

issues that I anticipate will be raised this Thursday, I would have no hesitation waiving her appearance on this occasion, with the Court's permission.

Respectfully submitted,

Barry Coburn