

Barry Coburn <barry@coburngreenbaum.com>

## Re: [EXTERNAL] Re: United States v. Nadine Menendez, 23 Cr. 490 (SHS) -- Outstanding and Other Matters
1 message

**Barry Coburn** <barry@coburngreenbaum.com>                                           Sun, Mar 16, 2025 at 2:58 PM
To: "Richenthal, Daniel (USANYS)" <Daniel.Richenthal@usdoj.gov>
Cc: Sarah Schwietz <sarah@coburngreenbaum.com>, Marc Eisenstein <marc@coburngreenbaum.com>, "Pomerantz, Lara (USANYS)" <Lara.Pomerantz@usdoj.gov>, "Ghosh, Catherine (USANYS)" <Catherine.Ghosh@usdoj.gov>, "Monteleoni, Paul (USANYS)" <Paul.Monteleoni@usdoj.gov>
Bcc: Barry Coburn <barry@coburngreenbaum.com>, Jacob Coburn <jacob@coburngreenbaum.com>, Liz Goldman <liz@coburngreenbaum.com>

Hi again Dan, please see interlineations below in all caps.

Barry Coburn
Coburn, Greenbaum & Eisenstein PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC  20036
Universal direct dial (work and cell):  202-643-9472
Firm main number:  202-630-2844
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com


On Sun, Mar 16, 2025 at 2:45 PM Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov> wrote:

> Barry,
>
> We appreciate your responses to date, but multiple of our inquiries remain unanswered in whole or in part, and we need answers this weekend so we may determine if we need to write the Court.  Certain of your responses also lead us to have more questions.  I DISAGREE THAT I HAVEN'T ANSWERED ANY OF YOUR PRIOR MULTIPLE QUESTIONS ABOUT MY OPENING STATEMENT.  AS PREVIOUSLY STATED, I RESPECTFULLY DECLINE TO PREVIEW IT FOR YOU. Specifically:
>
> 1. First, with respect to your slides, are you saying that you will not add anything to them, either before opening or during opening?  AS PREVIOSLY STATED, I'LL BE ADDING TO THE CHART AFTER OPENING.  I DON'T INTEND TO INTERLINEATE IT DURING OPENING, BUT FRANKLY I DON'T BELIEVE YOU HAVE A RIGHT TO KNOW THAT.  You previously appeared to say, in the attached email you sent this past Thursday morning, that you were planning to add words to them.  Are you now saying that these are final, and no words will be added to them, including while you give your opening?  ABSOLUTELY NOT, AS PREVIOUSLY STATED.  I PLAN TO USE AN UPDATED, SUPPLEMENTED VERSION OF THE SAME CHART DURING MY CLOSING.  If you intend to add words, including during your opening, pursuant to the Court's order, provide us with what you intend to add, at least 24 hours before opening.  We otherwise will ask the Court to preclude your use of slides.

3/16/25, 6:01 PM   Coburn & Greenbaum PLLC Mail - Re: [EXTERNAL] Re: United States v. Nadine Menendez, 23 Cr. 490 (SHS) - Outstanding and …

Case 1:23-cr-00490-SHS   Document 789-2   Filed 03/16/25   Page 2 of 7

2. Second, as we asked last week, if—as it seems—you intend to reference the law (whether orally or in writing) during your opening, do you agree to state in doing so, in sum and substance, that the Court will give instructions at the end of the trial, that they control, and that you are merely saying what you expect the Court will say?  I DECLINE TO ALLOW YOU TO SCRIPT MY OPENING FOR ME.  I'LL BE OPENING IN ACCORDANCE WITH THE LAW, AS STATED IN MY PRIOR EMAILS RESPONDING TO YOURS.  I OF COURSE WILL NOT SUGGEST TO THE JURY THAT I, AS OPPOSED TO THE COURT, WILL TELL THEM WHAT THE LAW IS.  (*See* Tr. 64 (Government: "You'll hear more about these charges at the end of the trial, when Judge Stein instructs you on the law, and his instructions control.  But for now, there are just a few points I want to highlight."); Tr. 92 (Defense: "The judge will provide you instructions on what an official act is.").)  Absent such a statement, as we informed you last week, we would object to any reference to the law, and we will raise this with the Court before opening statements if necessary.

3. Third, we asked last week if you intended to *define* "inference," not whether you intended to reference "inference."  We have no objection to you referencing inference (provided it is done in a non-misleading/appropriate way), but we expect to object to defining it, as we said.  Please advise whether you intend to seek to define it, and if so what definition you propose to provide.  I DON'T INTEND TO DEFINE THE WORD "INFERENCE" FOR THE JURY IN MY OPENING, BUT IN NO WAY CONCEDE THAT I WOULD BE PRECLUDED FROM DOING SO.

4. Fourth, we asked last week if you had any Rule 17(c) materials, because the Court has ordered then you promptly provide them to us (Dkt. 673), but we have not received any.  Please respond to that inquiry.  I KNOW MY OBLIGATIONS IN THIS REGARD AND WILL PROVIDE ANY MATERIALS WE RECEIVE THAT QUALIFY FOR PRODUCTION UNDER RULE 17(c).

5. Finally, given that the defendant's knowledge or lack thereof as to whether any wire crossed state lines is purely jurisdictional, we do not understand how that could be a proper subject for cross-examination of not just the Meta witness, but any witness.  As to the Meta witness, we will raise this with the Court beforehand, absent a change in your position, but—so that we can understand by when we must bring this before the Court—please confirm that you not only do not intend to open on this subject, as you say below, but also that you do not intend to cross-examine any other witness on this subject.  AS PREVIOUSLY STATED, I DECLINE TO DO THAT WITHOUT HEARING THE TESTIMONY.

Dan

Daniel C. Richenthal

Deputy Chief, Criminal Division

Assistant United States Attorney

United States Attorney's Office

Southern District of New York

26 Federal Plaza, 37th Floor

New York, NY 10278

Tel: (212) 637-2109

Fax: (212) 637-2615

Daniel.Richenthal@usdoj.gov

---

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Sunday, March 16, 2025 5:29 AM
**To:** Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>
**Cc:** Sarah Schwietz <sarah@coburngreenbaum.com>; Marc Eisenstein <marc@coburngreenbaum.com>; Pomerantz, Lara (USANYS) <LPomerantz@usa.doj.gov>; Ghosh, Catherine (USANYS) <cghosh@usa.doj.gov>; Monteleoni, Paul (USANYS) <PMonteleoni@usa.doj.gov>
**Subject:** Re: [EXTERNAL] Re: United States v. Nadine Menendez, 23 Cr. 490 (SHS) -- Outstanding and Other Matters

Hi Dan, thanks for your two emails of last Friday, and the earlier email attached to one of them. I'm not going to reference, in opening, the five supplemental defense exhibits on which you are focused. The chart I sent you, early, is not a "draft," though I may utilize a modified version of it in closing. It is what I intend to show the jury. I do intend to refer to the knowledge/intent element that I anticipate will be required as to every charged offense, though I do not intend to tell the jury precisely what those requirements are, since that language will be the subject of the eventual charging conference with the Court and the Court's final decisions about the law at the end of the case. That is, as I've previously indicated, our theory of this case. If you think I am not permitted, in opening, to tell the jury that every offense has a specific intent element as to knowledge and intent and that the government will fail to prove them, then you really will have to raise that with the judge. At the same time, you'll need to explain to the Court why the government is permitted to allude to, e.g., "bribery," "fraud," etc., and their legal requirements, in its opening statement, as it repeatedly did in the first trial. Here are a couple of case snippets relating to this issue:

**Under Barrow, however, Mr. Nobel should have been permitted during his opening statement to reference certain elements of the crime and argue that the government would be unable to sustain its burden of proof as to those elements.**
*United States v. Oluwanisola,* **605 F.3d 124, 132 (2d Cir. 2010)**

**Defendant was allowed to present his theory of the case during opening statement.**
*United States v. Ford,* **No. CR-06-0083-EFS, 2008 U.S. Dist. LEXIS 42296, at \*18 (E.D. Wash. May 28, 2008)**

I do not plan to refer in opening to Nadine's marital status, nor to her children. I don't intend to attempt to define "reasonable doubt" in opening. If you want to preclude me from using the word "inference," you'll need to raise that with the Court. I don't intend to "quote historical figures or philosophers." I don't intend to talk to the jury in opening about wires crossing state lines. I decline, at this stage, to waive my ability to cross your Meta witness about any subject, not having heard her/his testimony as yet. Nor am I willing to waive, at this stage, the potential relevance of any defense exhibit at trial. We'll clean up any duplication in the exhibit list we've circulated as soon as we are able. Finally, you're right that a prior email I sent you had a typo transposing "Uribe" and "Daibes."

3/16/25, 6:01 PM                    Coburn & Greenbaum PLLC Mail - Re: [EXTERNAL] Re: United States v. Nadine Menendez, 23 Cr. 490 (SHS) -- Outstanding and ...

Case 1:23-cr-00490-SHS    Document 789-2    Filed 03/16/25    Page 4 of 7

Best regards, Barry

Barry Coburn
Coburn, Greenbaum & Eisenstein PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC  20036
Universal direct dial (work and cell):  202-643-9472
Firm main number:  202-630-2844
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com


On Fri, Mar 14, 2025 at 1:55 PM Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov> wrote:

> Thanks for the prompt response, Barry.  While we appreciate that you are in trial prep, we are also, and we need complete answers on multiple of these matters meaningfully before next week, so that we may draft and file one or more motions if warranted.  We do not intend to wait until Tuesday morning, when we return to court, to raise matters related to your opening statement or slides.
>
> In addition, pursuant to the Court's Order that you provide to us all documents received in response to any Rule 17(c) subpoenas "promptly after receipt" of such documents (Dkt. 673), please let us know if you have any such documents and, if so, provide them.
>
> ---
>
> **From:** Barry Coburn <barry@coburngreenbaum.com>
> **Sent:** Friday, March 14, 2025 7:39 AM
> **To:** Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>
> **Cc:** Sarah Schwietz <sarah@coburngreenbaum.com>; Marc Eisenstein <marc@coburngreenbaum.com>; Pomerantz, Lara (USANYS) <LPomerantz@usa.doj.gov>; Ghosh, Catherine (USANYS) <cghosh@usa.doj.gov>; Monteleoni, Paul (USANYS) <PMonteleoni@usa.doj.gov>
> **Subject:** [EXTERNAL] Re: United States v. Nadine Menendez, 23 Cr. 490 (SHS) -- Outstanding and Other Matters
>
> Hi Dan, thanks for your long email (below) of last night.  We're in the final stages of our trial prep right now, but I'll respond by the weekend. Barry
>
> Barry Coburn
> Coburn, Greenbaum & Eisenstein PLLC
> 1710 Rhode Island Avenue, NW
> Second Floor
> Washington, DC  20036
> Universal direct dial (work and cell):  202-643-9472
> Firm main number:  202-630-2844
> Fax:  866-561-9712 (toll-free)
> www.coburngreenbaum.com

3/16/25, 6:01 PM                Coburn & Greenbaum 9.0 Gmail - Re: [EXTERNAL] Re: United States v. Nadine Menendez, 23-cr-490 (SHS) - Outstanding and ...

Case 1:23-cr-00490-SHS    Document 789-2    Filed 03/16/25    Page 5 of 7

On Thu, Mar 13, 2025 at 9:41 PM Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov> wrote:

> Barry,
>
> We write (1) to memorialize and ask for your positions on certain outstanding matters, a number of which, in our view, should be resolved before or early in trial, and multiple of which may necessitate our filing a motion or otherwise seeking Court relief absent timely responses and agreement, and (2) to raise a few new matters. As always, we are happy to confer if more efficient or likely to narrow or moot potential disputes, but we are emailing you so that the record is clear.
>
> First, we have not received responses to nearly all of what we asked in our email of early this week, a copy of which is attached. Please provide responses. While some of this perhaps can wait, we think it far better—and consistent with the Court's repeated requests that the parties confer early and often—for the parties to trade information sooner rather than later. But at a minimum, please answer the following question that we asked, and that concerns your opening statement:
>
>> In light of your marking as defense exhibits two apparent family photo albums, do you intend to reference in your opening (a) that the defendant has children, and if so, do you intend to describe them, correctly, as *adult* children, and/or (b) that the defendant is divorced? We understood from prior conferences that you did not intend to open on either subject, about which we have concerns, for the reasons previously set forth in our memoranda and discussed in court, and we understood the Court to agree.
>
> Second, in light of your sending us, earlier today, draft/incomplete slides for your opening, please confirm that, consistent with the Court's Order (Dkts. 673, 716), you will send us final and complete slides at least 24 hours before opening statements.
>
> Third, and relatedly, we are concerned, based on your draft/incomplete slides, that you appear to intend to get into a detailed discussion of the law in your opening statement. We would object to that, and expect that the Court would not permit it. (*See* Tr. 31 (striking proposed defense opening slide regarding "official acts").) We will wait to review your final slides before raising any specific objections, but we flag this now, and are happy to confer. It may also behoove you to send us your final and complete slides sooner than 24 hours in advance, so that we may confer sooner about this.
>
> Fourth, and again relatedly, if you intend to reference the law (whether orally or in writing), do you agree to state in doing so, in sum and substance, that the Court will give instructions at the end of the trial, that they control, and that you are merely saying what you expect the Court will say? (*See* Tr. 64 (Government: "You'll hear more about these charges at the end of the trial, when Judge Stein instructs you on the law, and his instructions control. But for now, there are just a few points I want to highlight."); Tr. 92 (Defense: "The judge

3/16/25, 6:01 PM   Sabulin & Greenbaum LLC Mail - Re: [EXTERNAL] Re: United States v. Nadine Menendez, 23-cr-490 (SHS) - Outstanding and …

Case 1:23-cr-00490-SHS   Document 789-2   Filed 03/16/25   Page 6 of 7

will provide you instructions on what an official act is.").) Absent such a statement, we would object to any reference to the law, and we will raise this with the Court before opening statements if necessary.

Fifth, and again relatedly, if you intend to reference the law (whether orally or in writing), do you intend to seek to define "reasonable doubt" or "inference"? We would object to you doing so, in any form, and we will raise this with the Court before opening statements if necessary. (See Tr. 171 (Court agreeing that a defense opening improperly described what an inference is); 172 (Court giving corrective instruction).)

Sixth, and again relatedly, as the Court ordered with respect to the first trial (see Tr. 29-31), please confirm that you do not intend to quote historical figures or philosophers in your opening.

Seventh, in our prior back and forth concerning DXs 158 and 160, you have stated that you believe that these two exhibits bear on whether Jose Uribe gave alleged "gifts" to the defendant rather than bribes. But these two exhibits appear to concern, assuming that they are authentic, Fred Daibes, not Jose Uribe. Did you mean to say Daibes, not Uribe?

Finally, as you know, we intend to call a witness from Meta (formerly known as Facebook) who will testify, in sum, that between at least 2018 and 2023, WhatsApp (which is a Meta service) did not use servers in New York or New Jersey, absent you agreeing to that fact, as the defendants at the first trial did. Because a defendant need not know such a fact, which is purely jurisdictional, see, e.g., United States v. Blackmon, 839 F.2d 900, 907 (2d Cir. 1988), we assume that you do not intend to cross-examine the Meta witness as to how, if at all, it makes known to users where the servers are. To be clear, that information is, in fact, public, see https://datacenters.atmeta.com/, but we have no burden to so prove. Please confirm that you do not intend to open on or cross-examine on this subject, or otherwise make arguments to the jury regarding the defendant's alleged lack of knowledge as to whether any wires crossed state lines. If you do intend to so open, cross-examine, or argue, we will file an appropriate motion with the Court, before opening statements if necessary, or later if you agree not to so open but do not agree not to so cross-examine.

Dan

Daniel C. Richenthal

Deputy Chief, Criminal Division

Assistant United States Attorney

United States Attorney's Office

Southern District of New York

26 Federal Plaza, 37th Floor

New York, NY 10278

Tel: (212) 637-2109

3/16/25, 6:01 PM                Cahan & Greenbaum PLLC Mail - Re: [EXTERNAL] Re: United States v. Nadine Menendez, 23 Cr. 490 (SHS) - Outstanding and …

Case 1:23-cr-00490-SHS    Document 789-2    Filed 03/16/25    Page 7 of 7

Fax: (212) 637-2615

Daniel.Richenthal@usdoj.gov