

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 17, 2025

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Nadine Menendez*,
                 **S4 23 Cr. 490 (SHS)**

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter to request rulings *in limine* or that the Court order the defendant to clarify her intention or position in advance of trial concerning (a) two issues with respect to her opening statement, (b) one matter involving cross-examination, and (c) her compliance with the Court's prior Order that the defendant promptly provide all materials obtained via Rule 17(c) subpoenas (Dkts. 673, 716).

      <u>The Defendant's Opening Statement</u>

      Last week, the Government inquired of the defendant regarding certain matters with respect to the parties' opening statements. As is relevant here, there appear to be at least two potential outstanding issues.

      *First*, the defendant recently provided the Government with the enclosed slides, which her counsel stated he intends to use in his opening statement. The Court previously ordered the parties to trade any visuals or slides to be used in opening at least 24 hours before opening (Dkts. 673, 716), yet these slides appear to be incomplete. Specifically, as the Court can see, each slide has a heading related to a particular count (such as "Count One[:] Conspiracy To Commit Bribery"), and then the subheading "Knowledge/Intent Requirements:", with nothing written after the colon (*i.e.*, no indication of what "[r]equirements" defense counsel plans to identify or describe for the jury). The Government therefore asked defense counsel whether he intended to edit or add to these slides. After initially suggesting that he did so intend, he later stated that he would be "adding to the chart after opening" but did not "intend to interlineate it during opening," while adding that he

Honorable Sidney H. Stein
March 17, 2025
Page 2

also does not "believe you have a right to know that." (Dkt. 789-2.) To the extent that this statement means that the defendant does not intend to edit or revise her slides prior to opening, or to add words to them during opening, it appears that the defendant has complied with the Court's Order. But to the extent that this statement means that the defendant interprets the Court's Order to permit her to add words to her slides during her opening without so advising the Government and the Court, a decision about which the Government supposedly does not "have a right to know," the Government does not understand the Court's Order to permit such additions.[1]

*Second*, consistent with standard practice in this district, and how the parties handled the matter during the first trial (*see* Tr. 64, 92), the Government asked defense counsel whether, if he references the law in his opening—as it appears from his slides he intends to do, in some detail—he agrees to state in doing so, in sum and substance, that the Court will give instructions at the end of the trial, that they control, and that counsel is merely saying what he expects the Court will say. Defense counsel declined to so agree, noting only that he would not affirmatively say to the jury that he "will tell [the jury] what the law is." (Dkt. 789-2.) The Government is accordingly concerned that defense counsel intends to suggest to the jury precisely what he should not. In the Government's view, particularly given the defendant's slides, merely *not* telling the jury that a lawyer's summary of the law is not the law is insufficient to avoid a jury misimpression on a critical point.

<u>Cross-Examination Concerning Whether The Defendant Was Aware Of Interstate Wires</u>

Because the defendant has declined to execute any stipulations, the Government presently intends to call a witness from Meta (formerly known as Facebook) to testify that, between at least 2018 and at least 2023, WhatsApp, a service of Meta, did not have any servers in the states of New Jersey or New York, and therefore, any communication between one or more users of WhatsApp in either of these states must have left and then reentered either of these states, *i.e.*, been an interstate wire. The Government does not understand the defendant to dispute this fact (which is also public (https://datacenters.atmeta.com/)). Under settled law, while this fact goes to an element of certain of the charged offenses, it is purely jurisdictional—not something that the defendant need have had any knowledge or anticipation of whatsoever. *See, e.g.*, *United States v. Blackmon*, 839 F.2d 900, 907 (2d Cir. 1988); *United States v. Beridze*, 415 F. App'x 320, 326 (2d. Cir. 2011), *United States v. Pan*, No. 12 Cr. 153 (RJS), 2015 WL 13016355, at *3 (S.D.N.Y. Jan. 30. 2015), *aff'd*, 632 F. App'x 15 (2d Cir. 2016).

Accordingly, the Government asked defense counsel if he intended to open on or cross-examine the Meta witness on this subject, or otherwise make arguments to the jury regarding the defendant's alleged lack of knowledge as to whether any wires crossed state lines. Defense counsel stated that he while did not intend to open on this subject, he would not commit to not cross-

---

[1] The Government also notes that slide 12 has the heading, "Count Fourteen – Extortion Under Color Of Official Right -- Actions To Benefit Daibes and Qatar." As the Government has previously stated, in an effort to streamline its presentation of the evidence against the defendant, the Government does not presently intend to present evidence relating solely to Qatar in its case-in-chief. (Dkt. 681 at 2 n.2.) Accordingly, the defendant's slide should not contain a reference to Qatar, nor should her opening statement.

examining the Meta witness concerning this subject, nor would he commit to not cross-examining any other witness concerning this subject. (Dkt. 789-2.) Defense counsel did not provide authority for the alleged relevance and propriety of such cross-examination, explain further his position, or dispute that, under settled law, a defendant need not know or anticipate whether a wire traveled interstate. Absent a sufficient showing outside of the presence of the jury, the defendant should be precluded from pursuing such a line of cross-examination or argument, which is legally irrelevant and could only serve to confuse the jury and elongate the trial.

### The Defendant's Non-Production Of Materials Received Pursuant To Rule 17(c) Subpoenas

The Court previously ordered the defendant to provide, "[p]romptly after receipt," any "[r]esponses from Rule 17(c) subpoenas." (Dkts. 673, 716). The defendant appears to have since served at least one Rule 17 subpoena (*see* Dkt. 788), yet the Government has not received any materials. Accordingly, the Government asked defense counsel whether he had any such materials. He responded, without elaboration: "I know my obligations in this regard and will provide any materials we receive that qualify for production under Rule 17(c)." (Dkt. 789-2.) The Government is concerned that this response, which does not reference the Court's Order, and appears to take the position that certain materials may not "qualify for production," means that the defendant is withholding or will in the future withhold materials that the Government, under the plain language of Rule 17(c) and case law (*see* Dkt. 658 at 7-8), and the Court's Order, has a right to be provided. The Government accordingly requests that the Court compel the defendant to provide all such materials, promptly upon receipt, as the Court previously ordered, and make clear that the defendant does not have unilateral authority to determine what "qualif[ies]" for production or to delay production.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:   s/ Daniel C. Richenthal
Daniel C. Richenthal
Paul M. Monteleoni
Lara Pomerantz
Catherine Ghosh
Assistant United States Attorneys
(212) 637-2109/2219/2343/1114

Enclosure

cc:   (by ECF)

Counsel of Record