Case 1:23-cr-00490-SHS   Document 811   Filed 04/01/25   Page 1 of 4



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 1, 2025

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

     Re:   *United States v. Nadine Menendez,*
            **S4 23 Cr. 490 (SHS)**

Dear Judge Stein:

     The Government respectfully writes in the above-captioned matter to expand upon the discussion after the trial day yesterday and this morning regarding whether cooperating witness Jose Uribe may testify to having pleaded guilty to bribing former Senator Robert Menendez through the defendant, and to respond to the defendant's letters of yesterday morning (Dkt. 809) and this morning (Dkt. 810).[1]  For the reasons discussed on the record yesterday and this morning, and set forth below, (a) the Court correctly ruled that the anticipated testimony of Mr. Uribe is proper, and (b) while not legally required, the Government has no objection to an appropriate limiting instruction.

     As discussed with the Court, the Second Circuit has consistently held that a cooperating witness may testify both to having committed crimes with the defendant and to pleading guilty to

---

[1] The defendant also raised other issues in her first letter, certain of which have been mooted or resolved, and others of which—and in particular, the Government's concerns about the defendant's witness list and proffers of expected defense testimony—have not been resolved.  As the Government stated this morning, the Government intends to seek to confer further with defense counsel regarding the defendant's witness list and limited (or non-existent) proffers, and regarding the fact that the Government has not received any Rule 26.2 material notwithstanding the relevant Court Order (Dkt. 716).  The Government will thereafter timely raise any remaining concerns with the Court.

those crimes. In her first letter, the defendant suggested that *United States v. Louis*, 814 F.2d 852, 857 (2d Cir. 1987), held the contrary. (Dkt. 809 at 3.) However, as the Government stated, the defendant's letter misleadingly excerpts only a small part of what the Second Circuit said. The full quote, the principal part of which the Court read into the record (Tr. 1305) is:

> While it is impermissible for a prosecutor to suggest to a jury that the conviction of a testifying co-conspirator is evidence that a defendant on trial is guilty, or to emphasize, through repetitive and cumulative questioning, the guilty pleas of witnesses as substantive evidence of the guilt of a defendant charged with similar crimes, it is acceptable for the government to elicit, for proper purposes and in a proper manner, an accomplice witness' testimony regarding his conviction[.] Proper purposes include disclosure of matters damaging to the credibility of a witness and contradiction of any inference that the government is concealing a witness' bias.

*Louis*, 814 F.2d at 857 (citations omitted). The Second Circuit has repeated this fundamental—and commonsensical—proposition for decades. *See, e.g.*, *United States v. Kaplan*, 758 F. App'x 34, 40 (2d Cir. 2018); *United States v. Weaver*, 698 F. App'x 629, 633 (2d Cir. 2017). The cases cited in the defendant's letter of this morning (only one of which is from the Second Circuit) are in full accord with this proposition. (*See* Dkt. 810 at 1.)[2]

The Second Circuit has also repeatedly held that the Government may not just elicit that a cooperating witness pleaded guilty, and why he or she did so, but also may affirmatively argue to the jury that the jury may consider his or her plea and cooperation in evaluating the witness's testimony. *See, e.g.*, *Weaver*, 698 F. App'x at 663 (references in rebuttal to the cooperating witnesses' guilty pleas and "acknowledgement of participation in the scheme to defraud" were appropriate to, among other things, "combat the argument that the witnesses were lying about their guilt because they did not want to continue to fight the government at trial"). This makes eminent sense. Indeed, as the Court is aware, the parties in a criminal case frequently present to the jury competing arguments about whether a witness's decision to cooperate provides an incentive to tell the truth or the lie, and the jury, as the factfinder, decides the matter. *See, e.g.*, *United States v. Certified Environmental Servs., Inc.*, 753 F.3d 72, 85 (2d Cir. 2014) ("the existence of a cooperation agreement" is something "which can wielded by the defense and the Government");

---

[2] This morning, defense counsel suggested that an unidentified case, from an unidentified year, in the U.S. District Court for the District of Columbia favors his position. (*See* Tr. 1328.) But the law of the D.C. Circuit—even if controlling here, which it is not—appears to be fully in accord with that of the Second Circuit. *See United States v. Tarantino*, 846 F.2d 1384, 1404-05 (D.C. Cir. 1988) ("[a] government witness' guilty plea obviously may not be used as substantive evidence of the guilt of defendants, but the plea is equally obviously admissible to show the witness' acknowledgment of his role in the offense and to reflect on his credibility"); *see also United States v. Brown*, 508 F.3d 1066, 1073 (D.C. Cir. 2007) ("the prosecutor properly referenced the plea agreements in the context of a larger discussion about the evidence of a conspiracy generally and the credibility of Government witnesses").

Honorable Sidney H. Stein
April 1, 2025
Page 3

*see generally United States v. Coté*, 544 F.3d 88, 99 (2d Cir. 2008) ("court must give full play to the right of the jury to determine credibility").

      Nor is the Government aware of any proper basis for the defendant to demand, as she appeared to during the discussion with the Court yesterday (but now appears to have abandoned), that a cooperating witness sanitize his testimony or use longer or more convoluted ways of describing his or her crimes—as is relevant here, "bribery"—on the ground that the defendant disputes that she committed such crimes. On the contrary, as the Government explained (*see* Tr. 1309), such a restriction on a witness would inevitably result in artificial, stilted, and less comprehensible testimony. The defendant is not entitled to interfere with the jury's comprehension of the evidence in such a way, let alone to the windfall this would provide her. Nor would it even be practicable to enforce such a restriction, because the cooperating witness here pled guilty to bribery (along with other offenses) and his cooperation agreement lists the offenses to which he pleaded guilty.

      For the foregoing reasons, the testimony that Mr. Uribe gave at the first trial was entirely proper, and the substantially similar testimony that he is expected to give at this trial is entirely proper. In short, the remedy for what the defendant appears to complain of is cross-examination (and argument to the jury, to the extent proper), not preclusion.

      Finally, as the Government stated, although the Government does not believe it is required, the Government has no objection to an appropriate limiting instruction, to be given after Mr. Uribe describes the crimes to which he pleaded guilty, should the defendant continue to request such an instruction. In its charge to the jury in the first trial, the Court stated:

> You've also heard testimony that one or more accomplice witnesses or cooperating witnesses pled guilty to certain crimes that are related to the allegations here. You are to draw no conclusions, as I've told you, or inferences of any kind about the guilt of the defendants on trial here from the fact that a cooperating witness pled guilty to similar charges. The decision of a witness to plead guilty is a personal decision that that witness made about his own guilt and may not be used by you in any way as evidence against the defendant on trial.

(Tr. 7064.) An appropriate limiting instruction accordingly would capture the key principle in this longer instruction, such as:

> You have just heard that Mr. Uribe pleaded guilty. I will instruct you further on the law at the end of the case, but for now, you should know that the decision of a witness to plead guilty is a personal decision that that witness made about his own guilt and is not itself evidence that the defendant is guilty.

      By comparison, as the Government stated this morning, the Government agrees with the Court that the defendant's proposed instruction (Dkt. 810 at 2) is "too broad" (Tr. 1327) insofar as

Honorable Sidney H. Stein
April 1, 2025
Page 4

it appears to tell the jury that it cannot consider Mr. Uribe's testimony as to why he pleaded guilty and what he did that makes him guilty. The Government agrees with the Court: "What's important is that [the jury] not use the fact of his guilt to mean that she is guilty. His guilt is simply a statement as to his guilt and his guilt alone. I think that should really be the core of the charge." (*Id.*) The Government is also concerned that the defendant's proposed instruction (a) may be interpreted by the jury as an admonition that the Government is doing something improper, or that wastes the jury's time, in presenting the relevant aspects of Mr. Uribe's testimony, and (b) misdescribes the offenses to which Mr. Uribe pleaded guilty, which are not limited to conspiracy charges.

          Respectfully submitted,

          MATTHEW PODOLSKY
          Acting United States Attorney

By:    s/ Daniel C. Richenthal
        Daniel C. Richenthal
        Paul M. Monteleoni
        Lara Pomerantz
        Catherine Ghosh
        Assistant United States Attorneys
        (212) 637-2109/2219/2343/1114

cc:    (by ECF)

       Counsel of Record