

Barry Coburn
Admitted DC, MD, VA, NY
202-643-9472
barry@coburngreenbaum.com

April 3, 2025

<u>VIA ECF</u>
The Honorable Sidney H. Stein
United States District Judge
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, NY  10007

Re:    <u>United States v. Nadine Menendez, (S4) 23-cr-490 (SHS)</u>

Dear Judge Stein:

I am writing to Your Honor about a number of witness-related issues, including those referenced in the letter motion filed by the government today (Thursday, April 3, 2025) at 21 minutes after midnight (Dkt. No. 814).

First, it appears that the names of two of the witnesses the government plans imminently to call, Raquel Morgan and Denise Clemon, were not provided by the government pursuant to the Court's prior orders concerning pretrial identification of witnesses.  Related email correspondence between the parties appears here as Exhibit 1. Rather than seeking to litigate a request to exclude them, however, we propose below an approach to this issue that might also encompass the issues presented in the government's letter motion of a few hours ago, concerning defense proffers relating to defense witnesses (Dkt. No. 814).

We also are somewhat concerned about Internal Revenue Service testimony the government apparently is contemplating.  We have sought a proffer but we do not believe we have received one.  Exhibit 2.  If the government is considering seeking to tar Ms. Menendez with alleged misconduct relating to her tax returns, this would appear to run afoul of F.R.E. 404(b), particularly since, to my recollection at least, no pretrial notice was provided concerning such evidence.

Turning to the government's continuing demands for more information concerning prospective defense witnesses, the Court will recall my correspondence of last Friday, March 28, 2025, describing how the government suddenly, that evening, changed its estimate of the

length of its case so as, purportedly, to require a massive provision of information by us in the succeeding five hours and ten minutes, until midnight Friday night. Nonetheless, we did provide additional defense witness proffers during that time period. The government never has addressed this issue, but instead has presented a steady drumbeat of demands for more and more information about the defense case. *See* Exhibit 3 (email from the government of April 2, 2025). We note that the government's letter motion about this issue, filed just after midnight today, was submitted only approximately seven hours after it sent us the email attached here as Exhibit 3, demanding additional proffer information. The kinds of witness-by-witness proffers they demand never were provided by the government in this case. We have worked hard to ensure that we are complying with the Court's Scheduling Order in this regard, and we believe we are doing so. Rather than acknowledging this, the government has demanded answers to a litany of additional questions (Exhibit 3), some of which are not remotely within the scope of the Scheduling Order. For example, the government demands to know whether we agree to use non-leading questions to examine one witness. Exhibit 3.

We believe our proffer of information concerning prospective defense witnesses (our second, revised version is appended here as Exhibit 4) complies with the Scheduling Order, but it is not our intention to stand on that. We are formulating additional answers to the list of questions in the government's email about this of yesterday afternoon (Exhibit 3), even though we believe that these questions do not comport with the Court's Scheduling Order, and even though we anticipate that these supplemental answers likely will result in another flurry of follow-up questions, all with the implicit threat that not answering every supplemental question could result in a government demand to exclude a witness's testimony. Our respectful suggestion is that experienced lawyers, operating in good faith, do not need to approach mid-trial witness issues in this manner. If the government would just explain why it was not able to disclose the identities of Raquel Morgan and Denise Clemon at an earlier time, and let us know what these witnesses likely would say, we may well not object to their being called as witnesses. Similarly, if the government would simply acknowledge that we are proffering voluminous information about defense witnesses, and operating in good faith in this regard, rather than proceeding in the "gotcha" fashion described above in the middle

of the night, then the parties might be able to litigate this case to a conclusion in a calmer, more mutually respectful and more productive fashion.

Respectfully submitted,

Barry Coburn