

Barry Coburn <barry@coburngreenbaum.com>

## Critchley updated proffer
1 message

**Barry Coburn** <barry@coburngreenbaum.com>                                                    Sat, Apr 5, 2025 at 4:00 PM
To: "Richenthal, Daniel (USANYS)" <Daniel.Richenthal@usdoj.gov>
Cc: Sarah Schwietz <sarah@coburngreenbaum.com>, Marc Eisenstein <marc@coburngreenbaum.com>, "Pomerantz, Lara (USANYS)" <Lara.Pomerantz@usdoj.gov>, "Ghosh, Catherine (USANYS)" <Catherine.Ghosh@usdoj.gov>, "Monteleoni, Paul (USANYS)" <Paul.Monteleoni@usdoj.gov>
Bcc: Barry Coburn <barry@coburngreenbaum.com>

Thanks Dan. The attached transcript of questions and answers, as utilized in Trial One, is our proffer concerning Mr. Critchley's testimony, though we are of course happy to answer additional questions about this if we can.. Best regards, Barry

Barry Coburn
Coburn, Greenbaum & Eisenstein PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC  20036
Universal direct dial (work and cell):  202-643-9472
Firm main number:  202-630-2844
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com

On Sat, Apr 5, 2025 at 2:23 PM Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov> wrote:

> Thanks Barry. That said, as we previously stated, just because something was admissible in the first trial with respect to Robert Menendez does not necessarily mean that it's admissible now, when Mr. Menendez is not a defendant, and in particular, as we have also previously stated, including in our letter to the Court this past week (*see* Dkt. 814 at 5), (a) there is no relevance to Mr. Critchley's *own* views, and (b) Mr. Critchley cannot opine on what others were *thinking* (rather than what they said, if non-hearsay and relevant).
>
> Accordingly, please (1) send us a complete updated proffer for Mr. Critchley and (2) advise us whether you intend to elicit his own views or the alleged views of Robert Menendez (rather that what he said, if non-hearsay and relevant).
>
> **From:** Barry Coburn <barry@coburngreenbaum.com>
> **Sent:** Saturday, April 5, 2025 11:36 AM
> **To:** Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov>
> **Cc:** Sarah Schwietz <sarah@coburngreenbaum.com>; Marc Eisenstein <marc@coburngreenbaum.com>; Pomerantz, Lara (USANYS) <Lara.Pomerantz@usdoj.gov>; Ghosh, Catherine (USANYS) <Catherine.Ghosh@usdoj.gov>; Monteleoni, Paul (USANYS) <Paul.Monteleoni@usdoj.gov>
> **Subject:** Re: [EXTERNAL] Re: Witness and exhibit disclosures
>
> Hi Dan -- Following up. We are OK with the Critchley limitations imposed in Trial One. Best, Barry

Barry Coburn
Coburn, Greenbaum & Eisenstein PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC  20036
Universal direct dial (work and cell):  202-643-9472
Firm main number:  202-630-2844
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com

On Fri, Apr 4, 2025 at 3:08 PM Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov> wrote:

> Barry,
>
> As we noted earlier, we continue to review your various emails about defense witnesses.  That said, given that the information has come in piecemeal, over time, and and not all in one or two email chains, we are not easily able to determine the latest proffers/what is outstanding, which risks the parties not being on the same page.  Could you please therefore send, in a single email or Word document or PDF document, your complete witness list, and all of the latest proffers, in their present form?
>
> Regardless, below is a preliminary list of certain of what we understand to be outstanding, or for which we have questions, by witness, based on your below email and other emails.  This is not meant to be exhaustive, but rather to prioritize presently certain issues in the interest of narrowing, mooting, or teeing up for the Court any relevant disputes.  And, as always, we are happy to chat live.
>
>   1. "MOHAMMED BADEER AND [an individual] APPARENTLY NAMED 'HAPPY'[.]'"
>
>      a. We interpret your below email to indicate that they may no longer be on your witness list.  Please confirm that is correct.  And if it not correct, please provide proffers, as directed by the Court.
>
>   2. Katia Tabourian
>
>      a. You say below that you are not presently anticipating to elicit alleged character traits, other than honestly and truthfulness, but are "considering" doing so.  Are we correct that you will advise us of your position, and proffer additional information as warranted, by the end of the weekend?  And to the extent that is your answer as to this or other matters that you are thinking about, could you please provide such a position and proffer by 5 pm on Sunday, rather than late at night, so that we can file a motion and/or be ready to advise the Court of any issues by Monday morning?

    b. You say below that you are "reconsidering" whether to seek to offer evidence of the defendant's "attitude." Again, are we correct that you will advise us of your position, and proffer additional information as warranted, by the end of the weekend?

    c. You say below that she will testify to the defendant's alleged character and reputation. Please confirm that this testimony will in the form of opinion or reputation only, not specific instances of alleged conduct. *See* Fed. Rule Evid. 405(a).

3. Garbis Tabourian

    a. Same questions/comments.

4. John Moldovan

    a. You said below, at approximately 6 am, that we would receive an updated proffer "shortly." We have received one at the time of this email (approximately 3 pm). By when can we expect one?

5. Nicholas Lewin

    a. Have you served him, and/or his firm, with a subpoena, and if so, could you send us a copy?

    b. As you know, separately, we responded to your request for us to speak about our view of Mr. Lewin's potential testimony, and we are happy to do so at your convenience, and think that, given the nature of the issue, if you wish to speak, it would be best to do so sooner rather than later.

6. Ana Peguero

    a. You said below, at approximately 6 am, that you would circle back "shortly." We have received further information as the time of this email (approximately 3 pm). By when can we expect such information?

7. Meirna Hanna

    a. We still have the same questions/concerns that we have had for several days, and for which we have not received answers. For efficiently, we reproduce certain of these below. You said below, at

approximately 6 am, that you "may" provide more information "shortly," but as of the time of this email (approximately 3 pm), we have not received any such information, nor does it appear that you have agreed to answer all of our inquiries. Absent such information, we will have no choice but to file another motion with the Court.

> i. With respect to "her experience working at IS EG Halal and interactions with Wael Hana," she already testified on these subjects, and you declined to cross-examine her. In any event, please advise what "experience" and "interactions" you believe are relevant, admissible, and non-cumulative.
>
> ii. With respect to "interactions" with the defendant, as we discussed in person before she left the witness stand, and memorized over email, such interactions were, according to her counsel and the documentary record, extraordinarily limited, and in person, they exchanged no more than mere pleasantries. Please therefore let us know what you intend to elicit in this respect.
>
> iii. With respect to "Wael's [alleged] reputation for gift giving in the business community," this issue was discussed with the Court prior to Ms. Hanna taking the stand, and the Court reserved decision, thereby letting you seek to explore the area on cross-examination, if you chose to do so. (Tr. 1134-35.) However, you chose not to do so. (Tr. 1156.) We continue to think that this line of inquiry is inadmissible unless you can proffer a good-faith admissible basis to link the alleged reputation to the defendant, which we do not understand Ms. Hanna to be competent to do. Please provide such a proffer.

8. Carolina Silvarredonda

    a. Please let us know by when we can expect the expanded proffer/answers to our questions.

9. Jamela Maali

    a. Please let us know by when we can expect the expanded proffer/answers to our questions, certain of which are similar to those with respect to Ms. Hanna.

As always, as previously noted, and noted above, we are happy to confer if that would assist in narrowing or mooting any issues, or would be more efficient than trading emails.

Dan


Daniel C. Richenthal

Deputy Chief, Criminal Division

Assistant United States Attorney

United States Attorney's Office

Southern District of New York

26 Federal Plaza, 37th Floor

New York, NY 10278

Tel: (212) 637-2109

Fax: (212) 637-2615

Daniel.Richenthal@usdoj.gov

---

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Friday, April 4, 2025 5:58 AM
**To:** Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov>
**Cc:** Sarah Schwietz <sarah@coburngreenbaum.com>; Marc Eisenstein <marc@coburngreenbaum.com>; Pomerantz, Lara (USANYS) <Lara.Pomerantz@usdoj.gov>; Ghosh, Catherine (USANYS) <Catherine.Ghosh@usdoj.gov>; Monteleoni, Paul (USANYS) <Paul.Monteleoni@usdoj.gov>
**Subject:** Re: [EXTERNAL] Re: Witness and exhibit disclosures

Hi Dan, please see responses below, interlineated in all caps, just so they are easily identifiable.   Barry

Barry Coburn
Coburn, Greenbaum & Eisenstein PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC  20036
Universal direct dial (work and cell):  202-643-9472
Firm main number:  202-630-2844
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com

On Wed, Apr 2, 2025 at 3:08 PM Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov> wrote:

Barry,

While we appreciate you sending the below today, it (a) largely or entirely appears duplicative of what you sent last week, and (b) does not answer nearly all of the questions we asked or the comments we made in an email to you on March 30 and to which you responded (and that you thereafter filed at Dkt. 809-1).   The below list also raises additional questions.  Given that, assuming we resume trial tomorrow morning (as you indicated to the Court this afternoon you expected), the defendant's case, if any, is expected to commence early next week, we are well within the 10-day period that the Court ordered (Dkt. 716).  Accordingly, please provide meaningful additional information, and answers to all of the below questions, by 6 pm today, so that we may determine whether we need to file a motion with the Court, as we flagged for the Court yesterday (Tr. 1332).  And as always, we are happy to confer live.

First, as we asked on March 30, and have repeatedly asked or noted since, but have not received any response, please advise whether you have any Rule 26.2 material, given that Court ordered that it be provided to us (Dkt. 716).  WE PRESENTLY DO NOT.  And if you do not have any such material, please confirm that you will promptly

provide any that you come into possession of, and that you will comply with Rule 26.2(c) CONFIRMED and provide to the Court for in camera inspection any statement that you believe "contains information that is privileged or does not relate to the subject matter of the witness's testimony."

Second, is the below list of 13 witnesses (not including the defendant) your complete list? You had separately stated to us: "WE'RE ALSO CONSIDERING MOHAMMED BADEER AND [an individual] APPARENTLY NAMED 'HAPPY'[.]'" (Dkt. 809-1.) We also note that, in your email so stating, you referred to the latter person as potentially "a CI." We cannot comment, one way or another, whether that was or was not so, in any public document, and ask that, to the extent you refer to this person in any public document, you also do not indicate your view on that matter, one way or another, or use the person's full name, to the extent you are aware of it. Nor should the foregoing statement be read somehow as an acknowledgment that this individual, if he or she exists, was or was not a CI; rather, this is the standard response we give when such an allegation is made. And if these two individuals remain on your list, please provide full proffers of their expected admissible testimony. WE ARE GIVING THIS ISSUE ANOTHER LOOK. AT THIS MOMENT WE DO NOT HAVE A PROFFER TO PROVIDE FOR EITHER INDIVIDUAL.

Third, we have a number of questions or comments, including those from March 30, set forth below, and we do not believe that many of your proffers comply with the Court's directive of yesterday that such proffers be expanded sufficiently so as to be "real" and "actual." (Tr. 1333.)

Of course, that we may not pose questions or comments below does not mean that we think the proffers are necessarily adequate or the testimony admissible, but we are rather attempting to focus on certain matters in the interest of narrowing, mooting, or teeing up disputes for timely resolution.

1. Katia Tabourian

   a. Please provide more specifics about what you mean by "family history," including whether you intend to elicit anything about the defendant's lack of criminal history NO, prior boyfriend NO, alleged abuse NOT UNLESS THE GOVERNMENT OPENS IT UP, and/or medical condition(s) NO..
   b. You reference character traits, plural, but only identify two, namely, honesty and truthfulness. Please advise us which other(s) you think are admissible. WE PLAN TO SEEK TO ELICIT BOTH CHARACTER AND REPUTATION TESTIMONY FOR HONESTY AND TRUTHFULNESS, BASED ON MS. TABOURIAN'S LONG RELATIONSHIP WITH HER SISTER AND HER KNOWLEDGE OF HER SISTER IN THE COMMUNITY OF THEIR EXTENDED FAMILY AND FRIENDS. WE ARE CONSIDERING OTHER CHARACTER TRAITS BUT AT THIS MOMENT ARE NOT PROFFERING THEM.
   c. What do you mean by "attitude towards gift-giving and receiving"? We are not aware of any admissible basis for such testimony. *See* Fed. R. Evid 405(a). WE WILL RECONSIDER THIS ISSUEl.
   d. As you know, she generally cannot offer out-of-court statements of the defendant for the truth of any matter asserted, whether on family history or any other subject. Please confirm that you are not intending to invoke any hearsay exception to seek to introduce such testimony, or if you are, please identify the statements and alleged exception. *See, e.g., United States v. Brooks*, No. 08 Cr. 35 (PKL), 2008 WL 2332371, at *1 (S.D.N.Y. June 4, 2008) ("As the proponent of the proposed testimony, defendant has the burden of establishing admissibility by a preponderance of the evidence."); *United States v. Camacho*, 353 F. Supp. 2d 524, 536 (S.D.N.Y. 2005) ("defendants as

  proponents of the evidence bear the burden of [admissibility]"). WE CURRENTLY DO NOT PLAN TO SEEK TO ELICIT SUCH TESTIMONY.

 e. Please confirm that you are not seeking to offer specific instances of alleged good conduct, or lack of bad conduct, by the defendant. *See, e.g.*, *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990). WE HAVE NO PLANS TO DO SO AT THIS TIME.

2. Garbis Tabourian

 a. We have the same five questions as above. SAME ANSWERS AS TO HIM.

3. Jonathan Cohen

 a. As we stated on March 30, we are not presently aware of admissible testimony he could offer on a disputed and relevant matter, and "policies and practices," without more information, including without a time period, is very general. Please provide more specifics, including whether the alleged testimony rests on out-of-court statements of others, such as Robert Menendez. WE HAVE NOT LOCATED HIM AS OF NOW.

4. Nicholas Lewin

 a. As we stated on March 30, for the reasons previously discussed and briefed, we object to his testimony, to the extent we presently understand what you seek, which we think is irrelevant, improper (including to the extent it falls within Rule 608(b)), raises significant concerns about privilege, and, among other things, fails under Rule 403. As we also previously stated, and you presumably were already aware, he was subpoenaed by the defense in connection with the first trial, and the Court quashed the subpoena. Please advise specifically what nonprivileged testimony you think he may properly offer in this trial. In addition, given expected litigation over this potential witness, please advise us whether you have served a subpoena on him or his firm yet, and if you have, please send us a copy. And while the decision is yours, if you have not yet subpoenaed him or his firm and intend to so do, we think it best that you do so very promptly, so that the matter may be teed up without further delay. ARE YOU AVAILABLE FOR A CALL TO DISCUSS?

 b. We stated the above on March 30, but you responded only by stating that you did not think that any relevant information was privileged.

5. Michael Critchley

 a. As we stated on March 30, as you are aware, he was deposed, on video, in connection with the first trial (and that deposition was previously produced to you). The Court thereafter limited what portions of his testimony could be admitted, and we expect that the same limits would be enforced here, along with other limits, to the extent that the defendant is being tried alone. To the extent

that your reference below to him being asked to "describe his conversations with Robert Menendez about the case, including why he believed it was an unfair and inappropriate prosecution," for example, means that you would seek to elicit from Mr. Critchley his *own views* as to the fairness or lack thereof of the case, that is neither relevant or admissible, nor could Mr. Critchley opine as to what others were thinking (rather than what they said, if relevant and not hearsay). Accordingly, please provide more details about what you intend to elicit. WE WILL REVIEW WHAT WAS ADMITTED IN TRIAL ONE AND CIRCLE BACK ON WHETHER WE WILL SEEK TO LITIGATE THE LIMITATIONS IMPOSED THERE.

   b. We stated the above on March 30, but you did not respond.

6. John Moldovan

   a. As we stated on March 30, he already testified and was subject to cross, and you did not seek to expand his cross, using non-leading questions, to avoid the purported need for him to testify again. In any event, please advise us what admissible, non-cumulative testimony you would seek to elicit from him that "expand[s]" on what he already testified to. Please note that, as we also stated on March 30, in this regard—and also with respect to any of your other listed witnesses—the Court already precluded evidence about alleged gift gifting to others, such as Mr. Moldovan. (*See* Jan. 16, 2025 Tr. at pp. 5-6.) Indeed, when this issue arose with respect to Ms. Hanna, the Court repeated the same ruling. (*See* Tr. 1081 ("I am going to allow gift giving to Mrs. Menendez, yes. But not other people.").) WE WILL DO SO SHORTLY.

7. Ana Peguero (and note that you misspelled her last name below)

   a. Please provide more specifics as to what you would intend to elicit from her, given the general nature of your proffer, including what "interactions" with Mr. Uribe you believe are non-hearsay, relevant, and admissible, including not being barred under Rule 608(b). We stated the same on March 30, but you did not respond. WE ARE THINKING FURTHER ABOUT THIS AND WILL CIRCLE BACK SHORTLY.

8. Meirna Hanna

   a. With respect to "her experience working at IS EG Halal and interactions with Wael Hana," she already testified on these subjects, and you declined to cross-examine her. In any event, please advise what "experience" and "interactions" you believe are relevant, admissible, and non-cumulative. WE HAVE SUPPLEMENTED OUR PROFFER AND MAY DO SO AGAIN SHORTLY.
   b. With respect to "interactions" with the defendant, as we discussed in person before she left the witness stand, and memorized over email, such interactions were, according to her counsel and the documentary record, extraordinarily limited, and in person, they exchanged no more than mere pleasantries. Please therefore let us know what you intend to elicit in this respect.

    c. With respect to "Wael's [alleged] reputation for gift giving in the business community," this issue was discussed with the Court prior to Ms. Hanna taking the stand, and the Court reserved decision, thereby letting you seek to explore the area on cross-examination, if you chose to do so.  (Tr. 1134-35.)  However, you chose not to do so.  (Tr. 1156.)  We continue to think that this line of inquiry is inadmissible unless you can proffer a good-faith admissible basis to link the alleged reputation to the defendant, which we do not understand Ms. Hanna to be competent to do.  Please provide such a proffer.

    d. Please also provide authority, if any exists, permitting a party to decline to cross-examine on a subject expressly permitted by a court, and then call the witness, days later, to ask the very questions that the party declined to ask on cross-examination (as opposed to questions on other matters, if admissible). I BELIEVE THE COURT ADDRESSED THIS YESTERDAY.

    e. Finally, of course, if you call Ms. Hanna, you will have to use non-leading questions.  *See* Fed. Rule Evid. 611(c).  Please confirm that you so intend.  CONFIRMED.

9. Carolina Silvarredonda

    a. As we presume you agree, not all experiences at or alleged work of IS EG Halal are relevant, including experiences/alleged work post-dating the events at issue in the indictment.  (*See* Dkts. 485 at 1-3.)  And the Court agreed during the first trial, precluding certain such evidence.  (*See* First Trial Tr. 6063-64, 6069-69.)  Accordingly, please identify what you mean by "her experience working at IS EG Halal" and "interactions with Wael Hana.," including subject matter and time period.

    b. This potential witness's testimony also raises significant hearsay concerns (*see* Dkt. 485 at 5).  Please therefore also advise us of the source of the witness's expected testimony concerning the alleged work of the defendant.  WE'LL SUPPLEMENT OUR PROFFER.

10. Jamela Maali

    a. We have the same questions and comments as with Ms. Hanna above concerning your lack of cross-examination, need to ask non-leading questions, and the asserted basis to seek to elicit Wael Hana's alleged reputation.  SAME AS ABOVE.

    b. In addition, please advise what you mean by "experience" and "real estate interests."  Not all such experience or real estate interests are relevant, as we assume you agree.  WE DO AGREE AND WILL PROVIDE MORE SPECIFIC INFORMATION ABOUT THIS.

Dan

Daniel C. Richenthal

Deputy Chief, Criminal Division

Assistant United States Attorney

United States Attorney's Office

Southern District of New York

26 Federal Plaza, 37th Floor

New York, NY 10278

Tel: (212) 637-2109

Fax: (212) 637-2615

[Daniel.Richenthal@usdoj.gov](Daniel.Richenthal@usdoj.gov)

---

**From:** Barry Coburn <barry@coburngreenbaum.com>
**Sent:** Wednesday, April 2, 2025 3:38 AM
**To:** Monteleoni, Paul (USANYS) <Paul.Monteleoni@usdoj.gov>
**Cc:** Sarah Schwietz <sarah@coburngreenbaum.com>; Marc Eisenstein <marc@coburngreenbaum.com>; Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov>; Pomerantz, Lara (USANYS) <Lara.Pomerantz@usdoj.gov>; Ghosh, Catherine (USANYS) <Catherine.Ghosh@usdoj.gov>
**Subject:** [EXTERNAL] Re: Witness and exhibit disclosures

Hello all, additional proffer information below about our defense case.    Please let us know what additional detail would be useful to you.  Best, Barry

**Wael Hana**: Would testify consistently with his proffer of underlying events reflected in his presentence report, including the history of his interactions with Robert and Nadine Menendez and the mortgage loan.

**Fred Daibes**: Would testify about the history of his interactions with Robert and Nadine Menendez including gift giving and real estate interests, with a focus on the timing and rationale for any things of value he provided to the Defendant.

**Katia Tabourian**
Would testify about the Defendant's family history, her attitude toward gift-giving and receiving, and her character and reputation for honesty and truthfulness, in addition to other relevant character traits.

**Robert Menendez**: If we call him, would testify about every aspect of the indictment as it relates to his wife, as well as his relationship with her and her character and reputation for truthfulness.

**Jonathan Cohen**: Would testify about Mr. Menendez's policies and practices, while a senator, relating to the Middle East, particularly his opposition to Egyptian human rights abuses.  He would focus on the way Mr. Menendez addressed issues with Egypt before and during the relevant time period.

**Garbis Tabourian**: Similar to his daughter Katia.

**Nicholas Lewin**: Would testify about a financial transaction in which he was involved with Jose Uribe and the Defendant, relating to an alleged loan transaction.

**Michael Critchley:** Would testify that he represented Parra and negotiated the plea for him, he would describe his conversations with Robert Menendez about the case, including why he believed it was an unfair and inappropriate prosecution.

**John Moldovan**: Would expand upon his testimony during the government's case, including all of the substance of his testimony in Trial 1.

**Ana Peguerro**: Expected to testify about the criminal investigation, her knowledge regarding Jose Uribe's related actions, and her related interactions with Jose Uribe.

**Meirna Hanna**: Would testify about her experience working at IS EG Halal, interactions with Wael Hana and Nadine Menendez, and Wael's reputation for gift giving in the business community.

**Carolina Silvarredonda :** Would testify about her experience working at IS EG Halal, interactions with Wael Hana and Nadine Menendez, and the work Nadine did for ISEG Halal.

**Jamela Maali:** Would testify about her experience working with Fred Daibes, her knowledge of gift giving from Mr. Daibes to Nadine Menendez, his reputation for gift giving, and her knowledge of Mr. Daibes' real estate interests.

Barry Coburn
Coburn, Greenbaum & Eisenstein PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC  20036
Universal direct dial (work and cell):  202-643-9472
Firm main number:  202-630-2844
Fax:  866-561-9712 (toll-free)
www.coburngreenbaum.com

On Tue, Apr 1, 2025 at 4:30 PM Monteleoni, Paul (USANYS) <Paul.Monteleoni@usdoj.gov> wrote:

We hope your client is feeling better.  Depending on the pace of trial, on Thursday and Friday we may call the following witnesses and offer in connection with their testimony the following exhibits (in addition to those already disclosed):

Olivia Sebade: 2499

Sean Giesler: 7K-127, 7K-204

Denise Clemons: 2461

Isabella Fuchs: 1335A, 1335B, 1335C, 1335-EX, 1360

Philip Sellinger: 8M-1, 12A-1, 12A-2, 12A-3, 12E-1

Michael Soliman: A129, A130, A131, A421, A422

Raquel Morgan: no exhibits

Nicholas Iorio: 12B-9, 2435-13 (demonstrative)

Paul Van Wie: 8Q-6, 8Q-12, 2A-29

Paul M. Monteleoni

Senior Trial Counsel

U.S. Attorney's Office

Southern District of New York

26 Federal Plaza, 37th Floor

New York, NY 10278

212-637-2219

---

 **critchley transcript NTW_000004360-000004392.pdf**
428K