

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 15, 2025

**BY EMAIL**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Nadine Menendez*,
    **S4 23 Cr. 490 (SHS)**

Dear Judge Stein:

  The Government respectfully writes in the above-captioned matter in response to the defendant's July 14, 2025 letter motion seeking an unspecified adjournment of sentencing ("Def. Letter"), which was submitted under seal. For the reasons set forth below, the Court should deny the defendant's request.

 **A. Background**

  On April 28, 2025, the defendant filed a letter motion seeking, in part, an unspecified adjournment of sentencing in which she referenced a letter she intended to submit to the Court *ex parte* and under seal relating to tasks that she wanted to complete prior to sentencing. (Dkt. 840.) The Government opposed the defendant's motion and requested that the Court strike the defendant's *ex parte* submission in its entirety or provide a copy to the Government. (Dkt. 841.)

  On May 7, 2025, the defendant filed a letter requesting that the Court adjourn sentencing from June 12, 2025 until September 11, 2025 "in order to allow the submission of reports from two professionals." (Dkt. 848.)

  On May 8, 2025, the Government stated that it opposed a three-month adjournment based on the then-limited record. (Dkt. 849.)

Honorable Sidney H. Stein
July 15, 2025
Page 2

On May 9, 2025, the defendant filed another letter under seal. In response to the defendant's May 9 letter, the Government stated that it continued to object to the defendant's request to adjourn sentencing by three months "in order to allow the submission of reports from two professionals" (Dkt. 848), but did not object to a shorter adjournment of approximately seven to nine weeks. (Dkt. 856.)

On May 16, 2025, the Court granted the defendant's request and adjourned sentencing from June 12, 2025 to September 11, 2025, and specified that "[t]here will be no further adjournments of" the sentencing date. (Dkt. 858.)

On July 14, 2025, the defendant filed a letter motion seeking an unspecified adjournment of sentencing to allow the potential testimony of Dr. David Schretlen, a neuropsychologist who, according to the defendant, has met with the defendant and administered clinical tests, to be elicited at the defendant's sentencing, which is currently scheduled for September 11, 2025.[1] (Def. Letter at 1-2.) The defendant seems to be requesting that sentencing be adjourned at least one month to a date after October 13, 2025, after Dr. Schretlen has completed a visiting professorship in Spain. (*Id.* at 2.)

### B. Discussion

The defendant's requested adjournment should be denied. As an initial matter, the Government does not believe it is likely that Dr. Schretlen's live testimony will be required or appropriate in connection with the defendant's sentencing, although the Government reserves the right to review Dr. Schretlen's report before setting forth its position on the necessity for live testimony. In any event, to the extent that Dr. Schretlen's testimony is deemed required or appropriate, such testimony could proceed by video on the scheduled date or, alternatively, sentencing could be moved one week earlier, to the week of September 1, 2025, which is before Dr. Schretlen's visiting professorship in Spain starts. The defendant states that Dr. Schretlen "would like to schedule a follow-up in-person appointment" with her prior to his departure for Spain (*id.* at 2), but that does not justify her adjournment request. Dr. Schretlen currently has almost two months before he leaves for Spain, providing him with more than sufficient time to schedule and conduct a follow-up in-person appointment with the defendant prior to sentencing. Defense counsel also cites his intention to seek ethics advice regarding his potential sharing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but, assuming *arguendo* that such sharing is appropriate, the current schedule provides ample time for that process to proceed. Finally, as the Government stated in its prior letters (Dkts. 841 & 849), there is a strong public interest in

---

[1] The defendant submitted her letter motion and an exhibit (an email chain between the parties) entirely under seal. The Government has informed the defendant that it does not believe wholesale sealing of those documents is warranted in light of the First Amendment and common law rights of access to judicial documents. The parties are conferring about potential appropriate redactions to the defendant's letter motion and exhibit pursuant to the Court's order regarding sealed submissions (Dkt. 169), and the parties will also confer about this letter.

Honorable Sidney H. Stein
July 15, 2025
Page 3

proceeding to sentencing promptly, particularly given that the defendant's co-conspirators have already been sentenced and the need for general deterrence.

    For all of these reasons, the defendant's requested adjournment should be denied.

                                      Respectfully submitted,

                                      JAY CLAYTON
                                      United States Attorney

                By:    s/ Lara Pomerantz
                         Daniel C. Richenthal
                         Paul M. Monteleoni
                         Lara Pomerantz
                         Catherine Ghosh
                         Eli J. Mark
                         Assistant United States Attorneys
                         (212) 637-2109/2219/2343/1114/2431

cc:    (by ECF)

       Counsel of Record