UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

NADINE MENENDEZ,

Defendant.

23-cr-490 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

In September 2023, a grand jury indicted then-U.S. Senator Robert Menendez, his wife Nadine Menendez, Wael Hana, Fred Daibes, and Jose Uribe for their roles in a complex, years-long scheme to bribe Senator Menendez to take official acts to benefit them and foreign governments. Nadine Menendez proceeded to trial in March of 2025. Following a five-week trial, she was found guilty on all counts with which she had been charged. Following the jury's verdict, defendant moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 or, alternatively, a new trial pursuant to Federal Rule of Criminal Procedure 33. (*See* Dkt. No. 868.) The Court subsequently denied that motion. *See United States v. Menendez*, 793 F. Supp. 3d 511 (S.D.N.Y. 2025).

On September 11, 2025, the Court sentenced defendant principally to a term of 54 months' imprisonment and entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment identifying specific property to be forfeited by her and imposing a money judgment in the amount of $922,188.00.[1] (Dkt. Nos. 902, 903.) Following entry of the judgment against her, defendant appealed her conviction to the U.S. Court of Appeals for the Second Circuit. (Dkt. No. 909.) That appeal is currently pending. Now before this Court is defendant's motion for release pending appeal pursuant to 18 U.S.C. § 3143(b) as well as to stay any fine or forfeiture pursuant to Federal Rules of Criminal Procedure 38(c) and 32.2(d). (*See* Dkt. Nos. 937, 938.) For the following reasons, the Court denies defendant's motion.

## I. APPLICABLE LAW

Pursuant to 18 U.S.C. § 3143(b)(1), a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed

---

[1] The preliminary forfeiture order provides that all specific property defendant forfeits under a final order of forfeiture will be applied towards the satisfaction of the money judgment. (Dkt. No. 902 ¶ 10.)

1

an appeal . . . be detained," unless the court makes certain findings. In *United States v. Randell*, 761 F.2d 122 (2d Cir. 1985), the U.S. Court of Appeals for the Second Circuit detailed the findings a district court must make prior to granting a motion for release pending appeal. Specifically, before it may grant such a motion, a district court must find:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

*Randell*, 761 F.2d at 125. This framework "establishes a presumption in favor of detention." *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004). "[T]he burden of persuasion rests on the defendant" to demonstrate that each of these four requirements has been satisfied. *Randell*, 761 F.2d at 125.

The government does not dispute that defendant is not likely to flee or pose a danger to the community if released pending appeal. Nor does the government contend that defendant's appeal is a delaying tactic. The Court agrees and thus turns its attention to the remaining requirements enunciated in *Randell*.

A "substantial question of law or fact" is a "'close' question or one that very well could be decided the other way." *Id.* (citation omitted). It is a question "of more substance than would be necessary to a finding that it was not frivolous." *Id.* (citation omitted). "If a court does find that a question raised on appeal is 'substantial,' it must . . . consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)).

## II. DEFENDANT DOES NOT IDENTIFY A SUBSTANTIAL QUESTION OF LAW

Defendant contends that her appeal raises substantial questions concerning the Sixth Amendment right to counsel; the admissibility of summary chart evidence under Federal Rule of Evidence 1006; the application of the "official acts" requirement set forth in *McDonnell v. United States*, 579 U.S. 550 (2016); and the viability of venue in the Southern District of New York. (Dkt. No. 938 at 6–12.) Defendant's post-trial motion raised the same issues (*see* Dkt. No. 868), which this Court addressed at length in its

Opinion & Order denying that motion. *See Menendez*, 793 F. Supp. 3d 511. The Court directs the reader to that Opinion & Order for additional explanation concerning the background and substance of defendant's contentions as well as this Court's analysis in the context of the post-trial motion. None of those issues raise substantial issues that are "close question[s]" or "very well could be decided the other way." *See Randell*, 761 F.2d at 125 (citation modified).

### A. Sixth Amendment Right to Counsel

Defendant contends that her appeal raises a substantial question regarding the right to counsel under the Sixth Amendment. According to defendant, the Government manufactured an attorney-client conflict between defendant and defendant's preferred trial counsel, David Schertler, that forced Schertler and his law firm to withdraw from defendant's defense team and deprived defendant of her Sixth Amendment right to the counsel of her choosing. (*See* Dkt. No. 938 at 6–11.) The Court disagrees that defendant raises a substantial question of law.

As an initial matter, at no point prior to the filing of her post-trial motion—including during pretrial proceedings and the trial itself—did defendant express any desire whatsoever to reengage Schertler or his firm. Defendant appears to place the blame for this inaction on the Government, alleging that the Government failed to appropriately notify defendant that it no longer intended to call Schertler as a witness, leaving defendant with no reason to believe that the prior attorney-client conflict had been obviated. (*See id.* at 8.) However, as the Court explained in its prior Opinion & Order, defendant had ample notice that the Government was unlikely to call Schertler as a witness once it omitted Schertler from its list of trial witnesses. *See Menendez*, 793 F. Supp. 3d at 557–58.

Placing aside defendant's inaction, defendant's motion for release pending appeal suffers from the same fundamental defects as did defendant's post-trial motion. Defendant assumes that Schertler and his firm may have properly served as defendant's trial counsel once the Government determined that it would not call Schertler as a witness as part of its case-in-chief. However, as the Court explained in its Opinion & Order denying defendant's post-trial motion, that assumption is incorrect. *See id.* at 557–58. Moreover, defendant fails to identify any evidence to support her allegation that the Government schemed to deprive her of the counsel of her choosing by manufacturing a conflict between herself and Schertler. Defendant's Sixth Amendment theory fails to raise a "close" question of law warranting her release pending appeal.

## B.  Defendant's Other Contentions

Defendant's memorandum of law in support of her motion for release pending appeal dedicates a single page to three additional issues raised in the pending appeal of her convictions:  (1) the Government's use of summary charts at trial, (2) the sufficiency of the evidence concerning "official acts", and (3) venue. (*See* Dkt. No. 938 at 12.) The Court addressed each of these issues in its ruling on defendant's post-trial motion. *See Menendez*, 793 F. Supp. 3d at 558–61 (summary charts), 526–39 (official acts), 545–52 (venue). Relying on its prior reasoning, the Court disagrees that these issues present substantial questions of law, and the Court declines to grant defendant's motion on the basis of those issues.

* * *

Because defendant identifies no substantial question of law warranting her release pending appeal, the Court denies defendant's motion. Defendant's request for a stay of any fine[2] or forfeiture pursuant to Federal Rules of Criminal Procedure 38(c) and 32.2(d) is denied for identical reasons.

Dated:  New York, New York
       April 29, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.

---

[2] The Court notes that Defendant is not subject to a fine in this action. (*See* Dkt. No. 903 at 7.)

4